## GARCIA v. FREE.

No. 1673.   Decided December 11, 1906 (88 Pac. 30).

1. APPEAL—DECISIONS REVIEWABLE—AMOUNT OF JUDGMENT.   Under Laws, 1903, p. 48, c. 52, authorizing appeals from final judgments in the district court rendered on appeals from city courts, provided that, when the judgment of the district court does not exceed $100, exclusive of costs, it shall be final, and no appeal shall lie therefrom, where judgment is rendered in favor of defendant for costs on appeal from a city court, the plaintiff is not entitled to appeal therefrom regardless of the amount in controversy.

2. STATUTES—SPECIAL LAWS—COSTS.   Laws 1903, p. 48, c. 52, authorizing appeals from judgments in the district court on appeal from a city court when the judgment of the district court exceeds $100, exclusive of costs, is not violative of the constitutional provision prohibiting a special law where a general law is applicable.

APPEAL from District Court, Third District; M. L. Ritchie, Judge.

Action by F. Garcia, doing business as F. Garcia & Co., against John F. Free and another. From a judgment in favor of defendants, plaintiff appeals.

DISMISSED.

*C. S. Patterson* and *George W. Moyer* for appellant.

*Hurd & Wedgewood* for respondents.

### APPELLANT'S POINTS.

The rule is fundamental, it has been said "that a contract will not be specifically enforced unless it is obligatory upon both parties, nor unless both parties at the time of its execution have the right to resort to equity for its specific performance." *(Morris v. Fox,* 45 Fed. 406; *Winter v. Trainor,* 151 Ill. 191; 26 Ency. of Law [2 Ed.], 30, 31; *Tousey v. Etzel,* 9 Utah 329, *Allworth v. Seymour,* 42 Minn. 526; *Oil Co. v. Oil Co.,* 112 Fed. Rep. 376; *Railway v. Dunlap,* 86 Va. 346.)

### RESPONDENT'S POINTS.

"When the facts alleged in the bill, or given in evidence, show that an offer of performance by the plaintiff would not have been accepted, such offer is thereby rendered unnecessary." (Waterman on Specific Performance, sec. 446.)

"It is equally well settled that when one party has repudiated the contract, or refused performance, or has given notice to the other of his determination not to perform his part, a demand for performance, unless the previous notice has been withdrawn, is not necessary." *(Brush v. Fox,* 113 Ind. 206; *Turner v. Parry,* 27 Ind. 166; *Honghwout v. Boisubin,* 18 N. J. Eq. 322; *Webster v. French,* 2 Ill. 277; *Hawley v. Smith,* 45 Ind. 202; *Denlar v. Hile,* 123 Ind. 71; *Mattocks v. Young,* 66 Me. 459.)

The rule is well settled that the authority of the court in probate matters of this character extends only to the adjucation of the question as to who are the legal heirs of a deceased person, one dying intestate, and who are the devisees or legatees of one who died testate, and the decree is conclusive as to the rights of heirs, legatees, or devisees, but is conclusive against them only as heirs, legatees, or devisees, and only so far as they claim in such capacities. *(Chever*

*v. Ching Hong Poy* [Cal.], 22 Pac. 1081; *In re Burdicks Estate* [Cal.], 44 Pac. 734; *Estate of Hinckley,* 58 Cal. 518; *Siddall v. Harrison,* 73 Cal. 563; *More v. More,* 133 Cal. 489, 65 Pac. 1044.)

STRAUP, J.

This action was commenced in the city court of Salt Lake City by the plaintiff against the defendants, to recover $306.25, with interest, on a judgment alleged to have been obtained in a justice's court. The case was appealed from the city court to the district court, who found that the judgment sued on was void, and therefore rendered a judgment in favor of the defendants, and dismissed plaintiff's complaint. From the judgment entered in the district court, the plaintiff has appealed to this court.

The respondents filed a motion to dismiss the appeal upon the ground that the judgment is nonappealable. The statute applicable to the case (Laws 1903, p. 48, c. 52) provides that:

"From all final judgments of a city court . . . an appeal may be taken by either party . . . to the district court . . . and from all final judgments in the district court rendered upon such appeals, an appeal may be taken to the Supreme Court in like manner as if said actions were originally commenced in the district court; provided, however, when the judgment of the district court does not exceed one hundred dollars, exclusive of costs, that the same shall be final, and no appeal shall lie therefrom."

It is claimed that, inasmuch as judgment was rendered in favor of the defendants. "No cause of action," there was no judgment rendered by the district court exceeding $100, and that, therefore, no appeal can be taken therefrom. The contention made by the appellant is that the words "when the judgment of the district court does not exceed $100," should be read so as to mean, "when the amount in controversy exceeds one hundred dollars." It is further contended by him that, if the statute cannot be so construed, the proviso must be rejected as unconstitutional and void, which then would give the right of an appeal in like manner as if the action had originally been commenced in the district court. We think that neither position taken

by appellant is sound. It is true, as maintained by him, that the statute should be construed so as to effectuate the evident purpose of the Legislature, and, if possible, so as not to lead to absurdities. But the right of appeal is entirely statutory, and the party appealing must be able to point to a statute or a constitutional provision giving him such right. It was within the power of the Legislature to declare that the judgments of the district court on such appeals should be absolutely final and nonappealable. It likewise was within its power to impose any reasonable limitation to such appeals. The limitation here imposed is, when the judgment of the district court exceeds $100, exclusive of costs. To say that the words "the judgment of the district court" should be read so as to mean "the amount in controversy" is to read a condition into the statute wholly different from the one found there. The judgment of the court is quite a different thing from the amount in controversy, or the amount involved. To take an appeal, the Legislature has seen fit to require a judgment which exceeds $100, exclusive of costs, and that, before either party is entitled to appeal therefrom, he must be able to point to such a judgment. Such being the condition imposed by the Legislature, we are not at liberty to substitute another, without doing violence to the plain terms of the statute. It, however, is argued that, with such a constructtion placed upon the statute, the proviso is rendered obnoxious to the constitutional provision which prohibits a special law where a general law is applicable, and that the statute is made unequal in its operation.

We do not think that the enactment is special or unequal legislation. It is said to be unequal because, as is argued, had the ruling of the district court on the validity of the judgment sued on been favorable to the plaintiff, and had a judgment been rendered for the amount sued for, or for an amount greater than $100, the defendant could have appealed, and would have been entitled to have the duling reviewed, but, the ruling having been adverse to the plaintiff, and a judgment having been rendered in favor of the defendants, "No cause of action," the plaintiff, by not having

the right of an appeal, is denied the right to have the ruling reviewed. Such, however, is not the test by which the question of unequal operation of the statute is to be determined, as may well be seen, upon examination of the following authorities: *Hilton v. Dickinson,* 108 U. S. 165, 2 Sup. Ct. 424, 27 L. Ed. 688; *The Sydney,* 139 U. S. 336, 11 Sup. Ct. 620, 35 L. Ed. 177; *Elgin v. Marshall,* 106 U. S. 578, 1 Sup. Ct. 484, 27 L. Ed. 249. Whenever the right to an appeal is qualified and restricted, it is not unusual that a condition may arise when neither party can appeal from the judgment, while, under other conditions, and from a different judgment, one or both might appeal. The condition imposed by the statute giving the right of an appeal equally applies to both litigants; that is, when the judgment does not exceed $100, neither party can appeal. When it exceeds that amount, either party aggrieved may appeal. The right of appeal is reciprocal, and the statute does not give to one party an advantage over the other party, under the same circumstances. Had the Legislature imposed the condition, "When the amount in controversy exceeded $100," it may be that the right of an appeal might be more frequently exercised. Even then, conditions might arise where the amount sued for exceeded $100, when the right of an appeal as to one of the parties would not exist. For instance, if, in such case, the plaintiff recovered a judgment for less than $100, his right of appeal would exist, but the defendant would have no such right. As to the plaintiff in such case the amount claimed by his declaration would be the amount in controversy, but, as to the defendant there would be nothing in controversy beyond the sum for which judgment was taken against him; as to him nothing but that judgment would be in dispute between the parties. The same argument of inequality to such a statute could be made as is made to the existing statute.

Our conclusion is that the judgment is nonappealable.

The appeal is dismissed, with costs.

McCARTY, C. J., and FRICK, J., concur.