2002 UT App 290

**STATE of Utah, Plaintiff and Appellee,**

v.

**Lee WALKER, Defendant and Appellant.**

**No. 20010012–CA.**

Court of Appeals of Utah.

Sept. 12, 2002.

Harold J. Dent Jr., Scarth & Dent, St. George, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Jeffrey S. Gray, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before JACKSON, P.J., BILLINGS, Associate P.J., and THORNE, J.

OPINION

BILLINGS, Associate Presiding Judge:

¶ 1 Appellant Lee Walker appeals from his convictions of Securities Fraud, a class A misdemeanor, in violation of Utah Code Ann. §§ 61–1–1 (2000) and 61–1–21(2)(b)(I) (2000 & Supp.2002), and Money Laundering, a third degree felony, in violation of Utah Code Ann. § 76–10–1903 (1999). We dismiss the appeal.

BACKGROUND

¶ 2 Because this appeal raises issues relating to Walker's previous appeals, much of the extensive procedural history is set forth below.

¶ 3 A jury found Walker guilty of securities fraud and money laundering on October 21, 1998. Following a sentencing hearing on January 21, 1999, the trial court's Judgment, Stay of Imposition of Sentence, and Order of Probation was entered on February 3, 1999.

¶ 4 In its judgment, the trial court stated that "the imposition of any sentence in this matter is stayed." The court further ordered that Walker be "placed on supervised probation for a period of thirty-six (36) months." The judgment stated that the trial court "specifically retains jurisdiction" over the case and Walker personally "for the purpose of making such Orders and Judgments or Commitments as the same may become necessary or proper."

¶ 5 Walker timely appealed the trial court's judgment. This court dismissed the appeal without prejudice, holding that it did not have jurisdiction because Walker had not yet been sentenced. *See State v. Walker,* 1999 UT App 241, 1999 WL 33244825, No. 990198–CA (Aug. 19, 1999) (per curiam) (*Walker I*).

¶ 6 On June 18, 1999, Walker filed a Motion for Arrest of Judgment and Motion for a New Trial.[1] These motions were denied by the trial court and Walker again appealed to this court. This court dismissed Walker's appeal because the notice of appeal was untimely, *see State v. Walker,* 2000 UT App 148, 2000 WL 33250547, No. 20000131–CA (May 18, 2000) (per curiam) (*Walker II*), and the case was remitted back to the trial court.[2]

¶ 7 On August 31, 2000, Walker filed a Motion to Enter Conviction Pursuant to Utah Code Ann. § 76–3–402 (1999) and to Terminate Probation. A hearing on the motion was held on September 7, 2000, and the trial court entered an Amended Judgment on December 8, 2000.[3] The Amended Judgment lowered both convictions one degree-securities fraud to a class A misdemeanor and money laundering to a third degree felony. However, because the prosecution did not give the consent required by Utah Code Ann. § 76–3–402(3),[4] the convictions were not lowered two degrees. The Amended Judgment also terminated supervised probation and placed Walker on bench probation for the balance of the original thirty-six month term, on the condition that Walker commit no law violations and that he "pay restitution as previously ordered, until the issue of restitution is resolved." The court again stated that it "specifically retains jurisdiction" over the case and Walker.

¶ 8 Walker now appeals the Amended Judgment, claiming subsection 76–3–402(3) violates the separation of powers doctrine. In addition, Walker raises specific errors based on the jury trial itself. The State moved to dismiss this appeal, asserting that this court lacked jurisdiction for the same reason as that in *Walker I*—because Walker still has not been sentenced by the trial

---

1. These motions were amended in November of 1999.

2. The State argues in its brief on appeal that dismissal was also required because there continued to be no final, appealable order because Walker still had not been sentenced.

3. An order that was essentially the same as the Amended Judgment was entered on March 2, 2001.

4. This section provides in relevant part that "[a]n offense may be reduced only one degree under this section unless the prosecutor specifically agrees in writing or on the court record that the offense may be reduced two degrees." Utah Code Ann. § 76–3–402(3) (1999).

court, there continues to be no final, appealable order. Another panel of this court denied the State's motion, holding the trial court's Amended Judgment "constitutes a final appealable order." *State v. Walker*, No. 20010012–CA (Utah Ct.App. Dec.28, 2001) (December Order).

## ANALYSIS

### A. Law of the Case

■■■ ¶ 9 As a threshold matter, the State continues to argue this court does not have jurisdiction to hear this appeal. The State previously raised this issue in a motion to dismiss this appeal, which was denied by the December Order. Because the State has "previously made [its] jurisdictional arguments to this court through a motion to dismiss this appeal," *Linam v. King*, 804 P.2d 1235, 1237 (Utah Ct.App.1991), this issue is now law of the case. *See id.* " 'Under [the law of the case doctrine], one panel of an appellate court will not reconsider matters resolved in a prior appeal [by] another panel in the same case.' " *State v. Ellis*, 969 P.2d 1053, 1054 (Utah Ct.App.1998) (citation omitted) (second alteration in original). This doctrine was developed in part " 'to avoid the delays and difficulties involved in repetitious contentions and reconsideration of rulings on matters previously decided in the same case.' " *Gildea v. Guardian Title Co.*, 2001 UT 75, ¶ 9, 31 P.3d 543 (quoting *Thurston v. Box Elder County*, 892 P.2d 1034, 1037 (Utah 1995)).[5]

■ ¶ 10 However, the law of the case doctrine "is not applied inflexibly." *Id.* "Indeed, this court need not apply the doctrine to promote efficiency at the expense of the greater interest in preventing unjust results or unwise precedent." *Id.* "Accordingly, the doctrine will generally not be enforced under the following exceptional circumstances:

(1) when there has been an intervening change of controlling authority; (2) when new evidence has become available; or (3) when the court is convinced that its prior decision was clearly erroneous and would work a manifest injustice.

*Id.* (quoting *Thurston*, 892 P.2d at 1039). As our subsequent analysis explains, we conclude that we should revisit whether a conviction is final when a defendant has never been sentenced. We do so because we conclude the December Order was clearly erroneous. The December Order considered the same issue as presented in *Walker I*. The December Order panel took a contrary view to *Walker I* and retained jurisdiction, determining there was a final, appealable order even though Walker had never been sentenced. This we conclude was clear error.

### B. Whether a Sentence First Must Be Imposed to Have a Final, Appealable Judgment

■ ¶ 11 Under Utah law, a defendant may appeal from "the final judgment of conviction, whether by verdict or plea." Utah Code Ann. § 77–18a–1(a) (1999); *see also* Utah R.App. P. 3(a). The Utah Supreme Court has explained that "[i]n the technical legal sense, sentence is ordinarily synonymous with judgment, and denotes the action of a court of criminal jurisdiction formally declaring to the accused the legal consequences of the guilt which he has confessed or of which he has been convicted." *State v. Fedder*, 1 Utah 2d 117, 262 P.2d 753, 755 (Utah 1953). "Very obviously, because of the interchangeable use of the terms 'sentence' and 'judgment,' our Code of Criminal Procedure was compiled with this common law definition in mind." *Id.* In addition, Rule 22(c) of the Utah Rules of Criminal Procedure [6] implies that a sentence must be imposed before the trial court must advise the

---

5. We further note that the State should have filed a petition for rehearing if it believed the December Order was decided incorrectly rather than waiting to reargue the issue now. However, at oral argument, counsel for the State maintained that his office did not receive notice of the December Order until two months after it was entered and therefore did not have time to properly appeal the December Order.

6. Under Rule 22(c) of the Utah Rules of Criminal Procedure, "[u]pon a verdict ... the court shall impose sentence and shall enter a judgment of conviction which shall include the ... verdict, if any, and the sentence. Following imposition of sentence, the court shall advise the defendant of defendant's right to appeal and the time within which any appeal shall be filed." *Id.*

defendant of his or her right to appeal. *See* Utah R.Crim. P. 22(c). Finally, in at least one case we have determined that a defendant's notice of appeal was "early" when it was filed after his conviction but before he was sentenced. *St. George City v. Smith,* 814 P.2d 1154, 1155–56 (Utah Ct.App.1991), *overruled on other grounds, St. George City v. Smith,* 828 P.2d 504 (Utah Ct.App.1992).[7] Therefore, we hold that under Utah law a trial court must impose a sentence in order to create a final, appealable order.[8]

### C. Whether the Amended Judgment Constituted a Final, Appealable Order

¶ 12 The December Order held that although the trial court's original judgment was not a final order, the Amended Judgment constituted a final, appealable order. However, the trial court in the Amended Judgment still did not sentence Walker, but instead only changed Walker's supervised probation to bench probation. Furthermore, the trial court, in an earlier memorandum decision, specifically stated that it desired to continue to stay the imposition of sentence and that it still had not sentenced Walker. Therefore, because Walker still had not been

sentenced, we conclude the December Order incorrectly held the Amended Judgment to be a final, appealable order, and thus may be overruled under the law of the case exception that it was " 'clearly erroneous and would work a manifest injustice.' " *Gildea v. Guardian Title Co.,* 2001 UT 75,¶ 9, 31 P.3d 543 (citation omitted). Accordingly, because the Amended Judgment failed to sentence Walker, this court is without jurisdiction to hear this appeal. *See* Utah R.App. P. 3(a).

### CONCLUSION

¶ 13 In conclusion, we hold that this court does not have jurisdiction over this appeal because Walker has not been sentenced, and thus, the Amended Judgment is not a final, appealable order. The appeal is therefore dismissed.

¶ 14 WE CONCUR: NORMAN H. JACKSON, Presiding Judge, and WILLIAM A. THORNE JR., Judge.

7. This idea was also indirectly articulated in earlier cases. *See State v. Johnson,* 700 P.2d 1125, 1127 (Utah 1985) ("It is generally accepted that the imposition of sentence is required for finality of a judgment of conviction."); *State v. Gerrard,* 584 P.2d 885, 886 (Utah 1978) (holding a change in sentence occurring before the sentence was committed to a formal order was not appealable, noting "[i]t is the sentence itself which constitutes a final judgment from which appellant has the right to appeal. Thus, prior statements made from the bench are not the judgment of the case and, therefore, are not appealable."); *State v. Hunsaker,* 933 P.2d 415, 416 (Utah Ct.App.1997) (holding a plea in abeyance is not a final order in part because the defendant had not been sentenced).

8. We note that the trial court continues to assert that it has the ability to continue to stay the imposition of sentence, relying on Utah Code Ann. § 77–18–1(2)(a) (1999). While this provision does grant the trial court the authority to "suspend the imposition or execution of sentence and place the defendant on probation," *id.,* this provision does not deal with whether such an order is final. Further, suspending or staying a sentence presumes a necessary pre-condition that the sentence actually be imposed.

In addition, the trial court asserts that section 77–18–1(2)(a) is in conflict with Rule 22(c) of the

Utah Rules of Criminal Procedure, since rule 22(c) appears to remove the trial court's discretion to stay the imposition of sentence. Under rule 22(c), "[u]pon a verdict ... the court shall impose sentence and shall enter a judgment of conviction which shall include the ... verdict, if any, and the sentence." We disagree that there is a conflict. Rather, we believe rule 22(a) harmonizes both the statute and rule 22(c). Rule 22(a) provides:

Upon the entry of a ... verdict of guilty ... the court shall set a time for imposing sentence which shall be not less than two nor more than 45 days after the verdict ... unless the court, with the concurrence of the defendant, otherwise orders. Pending sentence, the court may commit the defendant or may continue or alter bail or recognizance.

Utah R.Crim. P. 22(a). Because we read provisions "so as to harmonize them," *In re B.B.,* 2002 UT App 82,¶ 15, 45 P.3d 527, we hold that rule 22(a) merely imposes a time limit on the court's discretion to stay sentencing that is granted by section 77–18–1(2)(a). Further, although section 77–18–1(2)(a) gives the trial court discretion to stay the imposition of sentence, rule 22(c) makes clear there is no final order to appeal until a sentence has been entered.