2009 UT App 43

**STATE of Utah, Plaintiff and Appellee,**

**v.**

**Michael C. MARTIN, Defendant and Appellant.**

**No. 20070426–CA.**

Court of Appeals of Utah.

Feb. 20, 2009.

Linda M. Jones, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Joanne C. Slotnik, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges THORNE, ORME, and BILLINGS.[1]

## OPINION

THORNE, Associate Presiding Judge:

¶ 1 Michael C. Martin appeals from his conviction of one count of criminal mischief, a class A misdemeanor, *see* Utah Code Ann. § 76–6–106 (2008). We dismiss Martin's appeal for lack of jurisdiction.

## BACKGROUND

¶ 2 In November 2004, the State charged Martin with two counts of criminal mischief arising out of an easement dispute between

---

**1.** The Honorable Judith M. Billings, Senior Judge, sat by special assignment pursuant to Utah Code section 78A–3–102 (2008) and rule 11–201(6) of the Utah Rules of Judicial Administration.

Martin and a neighbor, Kathryn Randazzo. The State's information, which charged Martin with one second degree felony count (count one) and one third degree felony count (count two), alleged that Martin tore down a fence and cut down an elm tree on Randazzo's property.

¶3 In September 2005, Martin and the State entered into a plea in abeyance agreement (the plea agreement) to resolve the charges against Martin. Under the terms of the plea agreement, the State dismissed count one and Martin pleaded no contest to count two. The district court agreed to hold Martin's plea in abeyance for one year on the condition that Martin "replace the chain link fence and replant an elm tree that [Martin] removed . . . and to have the work done by a licensed third party."

¶4 Martin appeared in court several times in early 2006 to address various matters, including Randazzo's unhappiness with Martin's performance of his restitution obligations under the plea agreement. In July 2006, the State sought an order to show cause against Martin, alleging, inter alia, that Martin had violated the terms of the plea agreement by failing to have Randazzo's fence and tree replaced by a licensed third party. The district court held an evidentiary hearing in January 2007, at which time Martin acknowledged that he had assisted in replacing the fence along with an acquaintance described as a handyman and licensed electrician. The district court determined that Martin's actions violated the requirement that the repair work be performed by a licensed third party, terminated the abeyance of Martin's plea, and set the matter for sentencing on April 20, 2007.

¶5 On April 20, after a hearing, the district court issued its written judgment and sentence (the April 20 order). Despite the prior dismissal of count one, the April 20 order entered judgments of conviction on both of the original counts of criminal mischief—count one as a third degree felony and count two as a class A misdemeanor. The

April 20 order imposed a suspended zero-to-five-year prison term on count one and a suspended 365-day jail term on count two, as well as fines and surcharges on both counts. Contrary to the judgment of conviction, the sentencing portion of the April 20 order identified count two as a third degree felony. And, the April 20 order did not order that Martin make restitution to Randazzo.

¶6 On May 8, 2007, prior to the filing of any notice of appeal by Martin, the district court held a hearing and issued an order (the May 8 order) modifying the April 20 order and vacating Martin's sentence as illegal. The May 8 order noted that count one against Martin should have been dismissed and vacated the sentence arising from that count as illegal. The May 8 order also clarified that the district court was reducing, and had always intended to reduce, count two from a third degree felony to a class A misdemeanor pursuant to Utah Code section 76-3-402, see Utah Code Ann. § 76-3-402 (2008). Finally, the district court determined that Martin's sentence was illegal due to the district court's failure to order restitution to Randazzo in the April 20 order as required by the Crime Victims Restitution Act (the Restitution Act), see Utah Code Ann. §§ 77-38a-101 to -601 (2008). The May 8 order set aside Martin's April 20 sentence and set the matter for resentencing on June 8, 2007, citing the district court's failure to comply with the Restitution Act as the reason for the vacation of Martin's sentence.

¶7 On May 21, 2007, Martin filed a notice of appeal from the April 20 order.[2] Due to Martin's appeal, the June 8, 2007, resentencing never took place, and there remains no sentence in this matter. In light of the set-aside of Martin's sentence, this court made a sua sponte motion for summary disposition of Martin's appeal, raising the issue that we may lack jurisdiction to hear Martin's appeal for lack of a final order. This court later withdrew its motion and ordered the parties to address the jurisdictional issue in their appellate briefing.

2. Martin filed his notice of appeal pro se, although he was represented by counsel at the time. The parties do not suggest that Martin's representation by counsel affects the validity of

his pro se notice of appeal, and we do not address the issue in light of our determination that we lack jurisdiction to hear Martin's appeal on other grounds.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 8 Before we address the issues that Martin seeks to raise on appeal, we must first determine if we have jurisdiction to hear Martin's appeal. *See, e.g., Houghton v. Department of Health,* 2005 UT 63, ¶ 16, 125 P.3d 860 ("[T]he issue of subject matter jurisdiction is a threshold issue, which can be raised at any time and must be addressed before the merits of other claims . . . ." (internal quotation marks omitted)). Whether this court has jurisdiction to hear an appeal is a question of law. *See In re Estate of Pahl,* 2007 UT App 389, ¶ 9, 174 P.3d 642, *cert. denied,* 189 P.3d 1276 (Utah 2008).

## ANALYSIS

■ ¶ 9 The jurisdictional question before us is whether the April 20 order is a final order from which Martin can appeal, given that the district court vacated Martin's sentence prior to Martin's filing of his notice of appeal. This question appears to be one of first impression in Utah. We determine that we lack jurisdiction to consider Martin's present appeal and dismiss the matter without prejudice to Martin's right to appeal upon his resentencing.

■ ¶ 10 Generally, appeals of right may only be taken from "final orders and judgments" of the district court. *See* Utah R.App. P. 3(a); *see also A.J. Mackay Co. v. Okland Constr. Co.,* 817 P.2d 323, 325 (Utah 1991) ("The final judgment rule, which underlies what is now Utah Rule of Appellate Procedure 3, precludes a party from taking an appeal from any orders or judgments that are not final."). "In a criminal case, it is *'the sentence itself* which constitutes a final judgment from which appellant has the right to appeal.'" *State v. Bowers,* 2002 UT 100, ¶ 4, 57 P.3d 1065 (quoting *State v. Gerrard,* 584 P.2d 885, 886 (Utah 1978)). Thus, upon its issuance, the April 20 order was a final order

subject to appeal because it was the sentencing order in Martin's criminal case.

¶ 11 Had Martin filed his notice of appeal while the April 20 sentence was still in effect, this court would have had jurisdiction over the appeal. However, before Martin filed his notice, the district court set aside Martin's sentence in the May 8 order. Thus, when Martin filed his notice of appeal, there was no sentence and, therefore, no final order to appeal from. And, due to Martin's appeal, his scheduled resentencing never occurred. Because Martin has yet to be sentenced in this criminal case, his appeal is not from a final order and this court lacks jurisdiction to hear his appeal. *See State v. Walker,* 2002 UT App 290, ¶ 12, 55 P.3d 1165 (holding that an amended judgment was not a final order where defendant "still had not been sentenced").

¶ 12 Contrary to Martin's argument, the May 8 order is not an "amendment to restitution" but, instead, clearly sets aside Martin's entire sentence. Thus, the case is not governed by *State v. Garner,* 2005 UT 6, 106 P.3d 729, in which the Utah Supreme Court held that "where orders for restitution remain open to be decided at a later date, the subsequent entry of the amount of restitution is not a new and final judgment for purposes of appealing the underlying merits of a criminal conviction." *Id.* ¶ 17. There was no uncertain amount of restitution owed pursuant to Martin's sentence—indeed, the stated ground for setting aside the sentence as illegal was that restitution had not been ordered at all. The May 8 order clearly states that the district court "sets aside the sentence imposed at the April 20th hearing and will proceed to resentence Martin at 9:00 a.m. on June 8, 2007." This language cannot be construed as anything other than a complete vacation of Martin's sentence, notwithstanding Martin's attempt to invoke *Garner* by characterizing the May 8 order as merely "reopen[ing]" the issue of restitution.[3]

---

3. The transcript of the May 8, 2007 hearing further supports this conclusion. The district court initially stated that the question before it at the hearing was "whether the failure to follow [the Restitution Act] constituted an illegal-sentence entered in an illegal manner." Martin's counsel then sought to have the Restitution Act

issue handled as a correction to the sentence, which would have allowed Martin to avoid resentencing and to appeal from the April 20 order. The district court expressly rejected this request, stating that "the sentence is vacated in its entirety, and we'll reset sentencing in this matter on only a[c]lass A [m]isdemeanor." The district

¶ 13 Nor is the present case controlled by *State v. Montoya,* 825 P.2d 676 (Utah Ct. App.1991). In *Montoya,* the defendant was sentenced on November 23, 1988, and did not perfect an appeal within the thirty-day statutory period. *See id.* at 677–78. In 1990, in an attempt to restart the time to appeal his conviction, the defendant and the State stipulated to a resentencing. *See id.* at 678. The defendant was resentenced on May 14, 1990, and filed a timely notice of appeal therefrom. *See id.*

¶ 14 This court rejected the defendant's attempt "to open the door to an appeal even though the statutory period had long since passed," *see id.* at 679, characterizing it as a "manipulation of the judicial system" and "highly inappropriate," *see id.* Treating the appeal solely as an appeal of the resentencing itself, the court stated: "We therefore limit our review to the sentence and decline to even consider the conviction because it is not appropriately before us." *Id.* We do not read *Montoya* as announcing a blanket rule that a criminal defendant can appeal his or her conviction only from the original sentence and not from a resentencing. *Cf. Manning v. State,* 2005 UT 61, ¶¶ 12–33, 122 P.3d 628 (eliminating nunc pro tunc resentencing as a remedy in cases where a defendant has been denied his right to appeal and replacing it with a simple reinstatement of the right to appeal upon a showing that a defendant has been unconstitutionally denied that right). Rather, *Montoya* prohibits the manipulation of the appeals period through resentencing after the original sentence has become unappealable due to the defendant's failure to timely file a notice of appeal. That concern is not present here, and Martin's resentencing order will become the final order from which he can appeal his conviction.

## CONCLUSION

¶ 15 The district court set aside Martin's sentence as illegal within the time period for Martin to file a notice of appeal and before Martin actually filed such a notice. There is no suggestion that the district court lacked the authority to set aside Martin's sentence or that the vacation of Martin's sentence was an attempt to manipulate the timing of Martin's appeal process. Under these circumstances, there is currently no sentence in this case and, accordingly, no final order from which Martin may appeal as of right. In the absence of a final order, this court lacks jurisdiction to consider Martin's appeal, and we dismiss Martin's appeal without prejudice to bring his appeal of right upon his resentencing by the district court. *See Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989) ("When a matter is outside the court's jurisdiction it retains only the authority to dismiss the action.").

¶ 16 WE CONCUR: GREGORY K. ORME, Judge, and JUDITH M. BILLINGS, Senior Judge.

court further instructed its clerk to prepare "only a minute entry" that was to, inter alia, "vacate[ ] Mr. Martin's sentence in its entirety."