2009 UT App 204

**Daniel PEARSON, Petitioner,**

v.

**SOUTH JORDAN EMPLOYEE APPEALS BOARD and South Jordan City, Respondents.**

No. 20070378–CA.

Court of Appeals of Utah.

July 30, 2009.

Gregory G. Skordas and Chad D. Noakes, Salt Lake City, for Petitioner.

Camille N. Johnson and Judith D. Wolferts, Salt Lake City, for Respondents.

Before Judges THORNE, DAVIS, and McHUGH.

OPINION

McHUGH, Judge:

¶ 1 Daniel Pearson seeks review of the South Jordan City Employee Appeals Board's (the Board) decision that his employment as South Jordan City's assistant police chief was at will. We dismiss his appeal because we lack subject matter jurisdiction.

BACKGROUND

¶ 2 Pearson was hired as the Assistant Police Chief for South Jordan City (the City) in July 2002. On January 30, 2007, City Manager Ricky Horst notified Pearson that he was being terminated from that position. The written notice of termination stated that Pearson's employment was at will, meaning he could be discharged without cause.

¶ 3 On January 31, 2007, Pearson sent Horst and other city officials a letter, which he characterized as notice of his intent to appeal his termination. Horst responded, stating that because Pearson was an at-will employee, he had no right to appeal his termination with the City. Pearson then faxed a letter to Horst attempting to formally appeal his termination or, in the alternative, to rely on the City's grievance procedures to challenge his discharge. On February 15, 2007, Pearson's supervisor, Chief of Police Lindsay Shepard, upheld Pearson's termination as an at-will employee.

¶ 4 Pearson next sent a letter to Assistant City Manager John Geilmann in an attempt to pursue grievance procedures under section 4–07(2) of the City's employee handbook. Geilmann replied by letter, upholding Pearson's termination.

¶ 5 On March 19, 2007, Pearson wrote to the Board, disputing the City's position that his employment status had been at will. The Board held an evidentiary hearing during which the City and Pearson offered testi-

mony, argument, and exhibits, and were afforded an opportunity to cross-examine the witnesses. On April 30, 2007, the Board certified a one-page letter to the city recorder, which states:

> Please be advised that the Employee Appeals Board of South Jordan City has deliberated regarding the grievance filed by Daniel Pearson and has reached a decision. Based upon the grievance filed, the Board determined that there were two issues for the Board's consideration. The conclusion of the Board is as follows:

> (1) Was the grievance filed in a timely fashion as required by the South Jordan City Employee Handbook? The Board determined that the grievance was timely filed.[1]

> (2) Was Daniel Pearson an "at will" employee? The Board determined that Mr. Pearson was an "at will" employee.

¶ 6 On May 10, 2007, Pearson filed a petition with this court requesting review of the Board's decision. Pearson cited rule 14 of the Utah Rules of Appellate Procedure and section 4–08(4)(c) of the City's employee handbook as the sources of our jurisdiction.[2]

¶ 7 On June 16, 2008, we vacated an earlier order transferring Pearson's petition for review to the Third District Court, reinstated the petition in this court, and denied the City's interlocutory petition as moot. Contrary to Pearson's assertion, our decision reinstating the petition in this court was not "a final determination that [this court] has jurisdiction." Rather, reinstatement of the appeal allows this court to address the jurisdictional issue in a published decision after plenary review.

## ISSUE AND STANDARD OF REVIEW

¶ 8 The City contends that Pearson's appeal is improper because this court lacks subject matter jurisdiction to review the Board's decision. "[T]he issue of subject matter jurisdiction is a threshold issue, which can be raised at any time and must be addressed before the merits of other claims...." *Houghton v. Department of Health*, 2005 UT 63, ¶ 16, 125 P.3d 860 (internal quotation marks omitted). Therefore, we must determine whether we have subject matter jurisdiction before reaching the merits of Pearson's claims on appeal. "Whether this court has jurisdiction to hear an appeal is a question of law." *State v. Martin*, 2009 UT App 43, ¶ 8, 204 P.3d 875.

## ANALYSIS

¶ 9 Pearson claims appellate jurisdiction is proper under Utah Code section 78A–4–103, *see* Utah Code Ann. § 78A–4–103(2)(b)(i) (2008).[3] We disagree. Although section 78A–4–103 provides for a direct appeal to this court from "formal adjudicative proceedings of state agencies," *id.* § 78A–4–103(2)(a), it requires that the adjudicative proceedings of political subdivisions of the state, including cities, first be reviewed by the district court, *see id.* § 78A–4–103(2)(b)(i) (giving the court of appeals subject matter jurisdiction over "appeals from the district court review of ... adjudicative proceedings of agencies of political subdivisions of the state or other local agencies"). Pearson's petition comes to us directly from the board of appeals of a municipality and is therefore not addressed by section 78A–4–103(2).

¶ 10 Our subject matter jurisdiction, however, is not limited to that conferred by section 78A–4–103. *See generally* Utah R.App. P. 14(a) (providing for review of an administrative order when such review is otherwise provided for by statute). There are two other statutes relevant to the question of our jurisdiction over Pearson's ap-

---

1. Neither party has challenged this conclusion on appeal, and we do not consider it further.

2. Although rule 14 of the Utah Rules of Appellate Procedure authorizes review of an administrative order when review is otherwise provided for by statute, *see* Utah R.App. P. 14(a), Pearson did not direct us to an authorizing statute. Rather, he referenced section 4–08(4)(c) of the City's employee handbook. Although the employee handbook permits appeal to this court for review of appeal board actions, city procedures do not form an independent basis for appellate jurisdiction. *See generally id.*

3. For the convenience of the reader, we cite to the current version of the code throughout this opinion unless otherwise noted.

peal—Utah Code sections 10–3–1105 and 10–3–1106. Section 10–3–1105 states,

> (1) Except as provided in Subsection (2), each employee of a municipality shall hold employment without limitation of time, being subject to discharge, suspension of over two days without pay, or involuntary transfer to a position with less remuneration only as provided in Section 10–3–1106.
>
> (2) Subsection (1) does not apply to:
>
> . . .
>
> (c) a police chief of the municipality;
>
> (d) a deputy police chief of the municipality;
>
> (e) a fire chief of the municipality;
>
> (f) a deputy or assistant fire chief of the municipality;
>
> (g) a head of a municipal department;
>
> (h) a deputy of a head of a municipal department;
>
> . . . .

Utah Code Ann. § 10–3–1105 (2007). Section 10–3–1106 grants procedural protections to the employees included in subsection 10–3–1105(1) (merit employees). *See id.* § 10–3–1106 (Supp.2008). In contrast, those employees excluded by subsection 10–3–1105(2) are not entitled to the protections of section 10–3–1106, *see id.* § 10–3–1105(1) (2007), and their employment with the City is subject to termination at will.

¶ 11 Section 10–3–1106 grants discharged merit employees the right to appeal the termination of their employment to an appeal board. *See id.* § 10–3–1106(2) (Supp.2008). The appeal board created by that section is authorized under section 10–3–1106 to "commence its investigation, take and receive evidence, and fully hear and determine the matter which relates to the cause for the discharge, suspension, or transfer." *Id.* § 10–3–1106(3)(b)(ii). Subsection 10–3–1106(6) further provides that "[a] final action or order of the appeal board may be appealed to the Court of Appeals by filing with

that court a notice of appeal." *Id.* § 10–3–1106(6)(a) (2007).[4] Although this provision confers subject matter jurisdiction on this court to consider a determination of the Board under section 10–3–1106, the issue raised in this appeal concerns the proper interpretation of section 10–3–1105.

¶ 12 The protections provided in section 10–3–1106 are granted only to the merit employees not excepted by subsection 10–3–1105(2). *See id.* § 10–3–1106(1) (Supp.2008) (limiting application of section 10–3–1106 to "[a]n employee to which Section 10–3–1105 applies"). Thus, while merit employees are provided grievance procedures for challenging their termination administratively with the City, at-will employees are not. *See id.* § 10–3–1105(1) (2007) (withholding section 10–3–1106 protections from municipal employees exempted by subsection 10–3–1105(2)).

¶ 13 Here, the City identified Pearson's employment status as at will pursuant to section 10–3–1105(2)(d), which exempts a deputy police chief from the provisions of section 10–3–1106. *See id.* § 10–3–1105(2)(d).[5] Although the Board's authority is limited to the review of merit employee grievances pursuant to section 10–3–1106, the Board conducted an evidentiary hearing to render its own conclusion on the nature of Pearson's employment status. Yet we see nothing in sections 10–3–1105 or 10–3–1106 that confers upon the Board the authority to consider an appeal of the City's decision that Pearson's employment could be terminated at will.

¶ 14 Furthermore, the Board's only decision related to Pearson's employment status under section 10–3–1105 and not to the "cause for the discharge, suspension, or transfer," pursuant to section 10–3–1106. *See id.* § 10–3–1106(3)(b)(ii) (Supp.2008). Consequently, it is the Board's interpretation of section 10–3–1105 that is before us on appeal.[6] However, there is nothing in that

---

4. "The 2008 amendment [to section 10–3–1106(6)(a) ] ... substituted 'reviewed by' for 'appealed to' and substituted 'petition for review' for 'notice of appeal' ...." Utah Code Ann. § 10–3–1106 amendment notes (Supp.2008).

5. On appeal, the City also contends that Pearson was "a deputy of a head of a municipal department," *see id.* § 10–3–1105(2)(h) (2007), and therefore expressly excluded from merit status.

6. Pearson argues that he was an assistant police chief and not excepted from section 10–3–1106's

section that grants the Board any authority to conduct proceedings or to issue decisions on the interpretation or application of section 10–3–1105. Instead, the only authority granted by the legislature is contained in section 10–3–1106, which authorizes the Board to determine the cause of the merit employee's discharge, suspension, or transfer. *See id.* Where the City determines that the employee's status was at will, the Board has no authority to act at all. Moreover, because only section 10–3–1106(6) includes a right of direct appeal to this court, *see id.* § 10–3–1106(6)(c), we agree with the City that we do not have subject matter jurisdiction over Pearson's appeal, and accordingly, we must dismiss, *see Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989) ("When a matter is outside the court's jurisdiction it retains only the authority to dismiss the action.").

¶ 15 Instead, our subject matter jurisdiction for a decision interpreting section 10–3–1105 must originate from the district court. *See* Utah Code Ann. § 78A–4–103(2)(b)(i) (2008) (granting the court of appeals subject matter jurisdiction over "appeals from the district court review of . . . adjudicative proceedings of agencies of political subdivisions of the state or other local agencies").[7] The proper remedy for an employee who, like Pearson, disagrees with the City's designation of him as an at-will employee, is to seek a declaration of his status as a merit employee from the district court.[8] If the district court concludes that the employee is a subsection 10–3–1105(1) employee, the employee may insist that the Board hear the grievance under section 10–3–1106.[9] Any decision from the Board concerning the cause of the termination, suspension, or transfer will then be subject to review by this court pursuant to section 10–3–1106(6)(a). *See* Utah Code Ann. § 10–3–1106(6)(a) (Supp.2008). If the district court instead concludes that the employee was at will and the termination of his employment was proper without cause, the employee may challenge the district court's decision interpreting section 10–3–1105 by direct appeal to this court.

¶ 16 In addition to being consistent with the plain language of the relevant statutes, this approach allows a law-trained judge an opportunity to examine the plain language of section 10–3–1105, make a legal determination whether that language is ambiguous,[10]

---

protections. In addition to arguments based on the statutory language of section 10–3–1105, Pearson also contends that the City is estopped from classifying him as an at-will employee and that such treatment would breach the contractual agreement between Pearson and the City.

7. We do not agree with the dissent that this result is in conflict with this court's unpublished, per curiam decision in *Howick v. Salt Lake City Corp.,* 2008 UT App 216U, 2008 WL 2312593 (mem.) (per curiam). There, we dismissed the employee's appeal because the board had not issued a final action or order. *See id.* paras. 2, 4, 2008 WL 2312593. *See generally* Utah Code Ann. § 10–3–1106(6)(a) (2007) ("A final action or order of the appeal board may be appealed to the Court of Appeals by filing with that court a notice of appeal."). To the extent the *Howick* decision addressed other "potentially available avenues of redress," 2008 UT App 216U, para. 4 n. 1, 2008 WL 2312593 it did so in dicta. The musings in *Howick* highlight the confusion surrounding the proper role of the appeal board, which we hope to dispel with this decision.

8. In that proceeding, Pearson may also pursue his related claims of breach of contract and promissory estoppel.

9. The dissent reasons that had the Board reached a different decision regarding Pearson's employ-

ment status, the City could have appealed the issue directly to this court, denying Pearson a reciprocal appeal right. In support of that position, the dissent relies on *Garcia v. Free,* 31 Utah 389, 88 P. 30 (1906). We do not agree that our opinion runs afoul of that vintage decision. In *Garcia,* the Utah Supreme Court rejected a claim that the statute created unequal appeal rights despite the fact that a decision for plaintiff would be appealable because the judgment would exceed $100, but a decision in favor of the defendants—which would not result in a judgment in excess of $100—was not appealable. *See id.* at 31. Here, either decision can be appealed; it is only the proper path of that appeal that varies. A decision interpreting and applying section 10–3–1105 must be decided by the district court before proceeding to this court for review, while a decision rendered pursuant to section 10–3–1106, concerning the cause of discharge, suspension, or termination, may be appealed directly to the court of appeals.

10. Indeed, if the district court were to determine that subsection 10–3–1105(2) is not plain on its face, evidence concerning the use of the titles "deputy" and "assistant" within various police and fire departments might become relevant. *See generally* Utah Code Ann. § 10–3–1105(2) (2007) (expressly excepting assistant and deputy

review controlling authorities, and, if necessary, the legislative history, to answer the question of the employee's status as an at-will or merit employee. In the event the matter is appealed to this court, we will have the benefit of the record developed in the district court, as well as the detailed findings of fact and conclusions of law rendered by the trial court.[11] This process also avoids the possibility of an appeal in this court separate from an action in the district court on contract or estoppel claims.

## CONCLUSION

¶ 17 Because we lack subject matter jurisdiction to review the Board's determination, we dismiss Pearson's appeal without prejudice to his right to file an appeal with this court from a decision rendered by the district court on the same issues.

¶ 18 I CONCUR: JAMES Z. DAVIS, Judge.

THORNE, Associate Presiding Judge (dissenting):

¶ 19 I respectfully dissent from the majority opinion's conclusion that this court lacks subject matter jurisdiction to review the Board's April 30, 2007 decision disposing of Pearson's administrative appeal. The applicable version of Utah Code section 10–3–1106 provided that "[a] final action or order of the appeal board may be appealed to the Court of Appeals by filing with that court a notice of appeal." Utah Code Ann. § 10–3–1106(6)(a) (2007).[1] Had the Board, for example, merely issued an advisory opinion to the city manager or police chief, then I agree that we would have no appellate jurisdiction to review the Board's action. *Cf. Nielson v. Division of Peace Officer Standards & Training*, 851 P.2d 1201, 1204–05 (Utah Ct. App.1993) ("Nielson may not seek review of [an agency's failure to bring disciplinary proceedings against a peace officer] under the pretense of reviewing an agency adjudication because there is no final order resulting from formal adjudicative proceedings for us to review." (internal quotation marks omitted)). Here, however, the Board *did* elect to consider Pearson's appeal, and it issued a formal written decision concerning Pearson's at-will status under Utah Code section 10–3–1105, *see* Utah Code Ann. § 10–3–1105 (2007),[2] and disposing of Pearson's appeal. The Board's decision thus constituted a "final action or order of the appeal board" and should be appealable to this court pursuant to section 10–3–1106(6)(a) without regard to the substantive basis of the decision.[3]

---

fire chiefs but only excepting deputy police chiefs). Unlike the dissent, we do not view this statutory interpretation as inherently simple.

**11.** In the present appeal, the Board's decision is explained in one sentence: "The Board determined that Mr. Pearson was an 'at will' employee."

**1.** Utah Code section 10–3–1106(a) was amended in 2008, but the changes were not substantive and would not affect my jurisdictional analysis. *See* Utah Code Ann. § 10–3–1106(6)(a) (Supp. 2008) ("A final action or order of the appeal board may be reviewed by the Court of Appeals by filing with that court a petition for review.").

**2.** Pearson's arguments to the Board attempted to establish merit status by invoking both section 10–3–1105 *and* the City's written policies and verbal representations. Pearson's latter allegations may be appropriately resolved in the district court, *see, e.g., Canfield v. Layton City*, 2005 UT 60, 122 P.3d 622 (allowing police dispatcher's action for breach of implied contract to proceed in district court), but the Board's deci-

sion that Pearson was at-will necessarily classified Pearson under section 10–3–1105, and that classification constitutes "[a] final action or order" of the Board that may be reviewed by this court. *See* Utah Code Ann. § 10–3–1106(6)(a).

**3.** A previous unpublished decision, *Howick v. Salt Lake City Corp.*, 2008 UT App 216U, 2008 WL 2312593 (mem.) (per curiam), implicitly adopts Pearson's jurisdictional position in this very context. *See id.* paras. 2–4, 2008 WL 2312593 (finding no jurisdiction where appeal board "never issued a formal decision concerning the merits" of Howick's at-will status due to city labor relations officer's determination that Howick was at-will). The clear implication of the *Howick* decision is that, had the appeal board issued a final order determining Howick to be an at-will employee, then this court would have had jurisdiction to review that decision. *See id.* para. 4 n. 1, 2008 WL 2312593 ("Salt Lake City's method of dealing with Howick's notice of appeal circumvents judicial review of the decision regarding the Board's jurisdiction by substituting a letter from the Labor Relations Officer for a final administrative decision of the Board.").

¶ 20 Although I believe that the jurisdictional issue is resolved by the plain language of section 10–3–1106(6)(a), I also note that had the Board answered the at-will question in Pearson's favor and then proceeded to adjudicate the merits of Pearson's appeal, then the majority opinion's analysis would entitle the *City* to challenge the at-will determination in this court either on direct appeal or as an issue on cross-appeal. The majority opinion thus denies the parties a reciprocal right to appeal the very same issue, a result that I find troubling in the absence of clear authority therefor. *Cf. Garcia v. Free*, 31 Utah 389, 88 P. 30, 31 (1906) ("The right of appeal is reciprocal, and the statute does not give to one party an advantage over the other party, under the same circumstances."). For these reasons, I respectfully dissent from the majority opinion's jurisdictional conclusion and would instead reach the merits of Pearson's at-will arguments, at least in regard to the proper interpretation and application of Utah Code section 10–3–1105.