2009 UT App 334

**Jodi HOWICK, Petitioner,**

v.

**SALT LAKE CITY EMPLOYEE AP-
PEALS BOARD and Salt Lake City
Corporation, Respondents.**

No. 20080608–CA.

Court of Appeals of Utah.

Nov. 19, 2009.

Elizabeth T. Dunning, Salt Lake City, for
Petitioner.

W. Mark Gavre and Nicole G. Farrell, Salt
Lake City, for Respondents.

Before Judges BENCH, ORME, and
DAVIS.

OPINION

ORME, Judge:

¶1 Petitioner Jodi Howick seeks our re-
view of the Salt Lake City Employee Appeals
Board's decision that it lacked jurisdiction to
hear Petitioner's appeal because she was an
at-will employee. Because she may or may
not be, we refrain from ruling on this issue. I
would stay any further consideration pending
Petitioner filing a declaratory judgment ac-
tion in district court for a legal determination
of her employment status.[1]

---

1. Because Judge Davis has concurred in Judge
Bench's separate opinion, that opinion repre-
sents the court's rationale and disposition to the
extent it conflicts with this lead opinion.

## BACKGROUND

¶ 2 The Salt Lake City Attorney's Office employed Petitioner from 1992 to 2007. In July of 1998, Petitioner accepted a new position and a higher salary, in connection with which she signed a document titled "Salt Lake City Corporation At–Will Employment Disclaimer." The disclaimer stated that Petitioner understood her position would "be at-will and will be for no fixed length of time." In 2007, the City terminated Petitioner's employment. Petitioner appealed to the Board. The appeal was initially denied by the City's Labor Relations Officer. *See Howick v. Salt Lake City Corp.*, 2008 UT App 216U, para. 3 (mem.) (per curiam). Following a petition for review in this court, and our determination that we had no jurisdiction because there was no final agency action, *see id.*, the Board considered memoranda submitted by counsel[2]—but heard no testimony—and determined that it lacked the authority to hear Petitioner's appeal based on its determination that, given the disclaimer, she was an at-will employee.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 3 Whether Petitioner was an at-will or merit employee is determinative of her right to post-termination protections. Generally speaking, this court's review of the Board's decision is "for the purpose of determining if the ... [B]oard abused its discretion or exceeded its authority." Utah Code Ann. § 10–3–1106(6)(c) (2007).[3] As is hereafter explained, that standard is not applicable in this case because the Board's decision was strictly a legal one concerning Petitioner's

employment status. We review legal decisions for correctness. *See Utah Dep't of Corrections v. Despain*, 824 P.2d 439, 443 n. 8 (Utah Ct.App.1991).

## ANALYSIS

■ ¶ 4 The Utah Municipal Code states that "each employee of a municipality shall hold employment without limitation of time," Utah Code Ann. § 10–3–1105(1) (2007), and allows the municipality to determine the circumstances that would constitute "cause for an employee termination," *id.* § 10–3–1105(3). If terminated, such "merit employees" may appeal to an appeals board established by municipal ordinance. *See id.* § 10–3–1106(2)(a), (7)(a). This court will defer to the appeals board's decision in such cases so long as the board properly hears the case, *see id.* § 10–3–1106(3)(b)–(5), and has not abused its discretion, *see id.* § 10–3–1106(6)(c).

¶ 5 However, this case presents unique facts and issues[4] that do not fit comfortably within the statutes governing a municipal employee's discharge. These statutes and procedures apply only to merit employees, *see id.* §§ 10–3–1105, –1106, and it remains completely unclear whether Petitioner is a merit employee. Indeed, whether she is or is not a merit employee is the core issue in this case.

¶ 6 The statute appears to support Petitioner's merit employee status because her job position is not listed among the positions specifically excluded from merit status. *See*

---

**2.** In addition to memoranda of law submitted by both parties, the Board considered a legal opinion from Stanley Preston, an attorney in private practice, who was asked by the City Attorney to give the Board the legal opinion it requested because the City Attorney had a conflict, having participated in Petitioner's termination decision.

**3.** This statute was amended in 2008. *See* Utah Code Ann. § 10–3–1106 amendment notes (Supp. 2009). Citation is made throughout this opinion to the version in effect at the time of Petitioner's termination.

**4.** The parties have called to our attention no Utah case that specifically addressed whether a municipal employee otherwise entitled to a post-

termination hearing can voluntarily contract those rights away by signing a contract purporting to waive merit status. And there certainly is nothing in the controlling statutes that empowers municipalities to contract with their rank-and-file employees for the purpose of divesting the employees of their statutorily-mandated procedural rights as merit employees. The existence of such an avenue would, of course, substantially undercut the legislative policy judgment that public employees, other than new employees in probationary status, certain fire and police employees, department heads, and employees appointed by elected officials, *see* Utah Code Ann. § 10–3–1105(1)–(2) (2007), must be accorded various employment protections as outlined in the statute.

*id.* § 10–3–1105(2) (listing municipal positions that are excluded from the appeal process afforded by section 10–3–1106, which list does not include staff attorneys). Nevertheless, Petitioner entered into a contract that stated she had been converted to at-will employee status, and she retained the contract's benefits—including a higher salary—for nine years. Therefore, it seems possible the City's estoppel and waiver defenses may negate her merit status even if the contract is invalid as a legal matter.[5]

¶ 7 Petitioner's theory as to why she qualifies as a merit employee involves a complex analysis involving multiple legal theories, statutory interpretation, and equitable doctrines. Sorting out this multi-theory, multi-doctrine, statutory interpretation construct as to why she was a merit employee, entitled to a Board hearing, seems not especially well suited to resolution by a lay board.[6] And indeed, the Board lacks jurisdiction over the claims of non-merit employees. *See id.* §§ 10–3–1105(1)–(2) (2007), –1106(1)–(2)(a). The City's own policies and procedures recognize as much. *See* Salt Lake City Employee Appeals Board Procedures § I.C. ("The Board has no jurisdiction to review or decide any other personnel matters.... [T]he Board has no authority to determine the City's legal liability under ... state law.").

¶ 8 At this point it is simply unclear whether Petitioner is a merit employee entitled to the administrative remedy she sought to pursue. We see no way for this threshold determination to be made, given the legal complexity of her case, other than through a

declaratory judgment action in district court. *See generally Board of Education v. Ward,* 1999 UT 17, ¶¶ 5–7, 974 P.2d 824. This would allow Petitioner to assert her arguments regarding her alleged merit status. The City could then respond and assert its defenses of estoppel and waiver. The district court would make a determination of whether Petitioner was a merit or an at-will employee. If the district court determines she was a merit employee, the Board is indeed the proper forum to determine whether her termination was justified. *See* Utah Code Ann. § 10–3–1106(2) (2007). However, if she was an at-will employee, then the Board correctly ruled it lacked jurisdiction over the case. *See id.*

¶ 9 This conclusion finds support in the recent case of *Pearson v. South Jordan Employee Appeals Board,* 2009 UT App 204, 216 P.3d 996. While factually and legally less complicated than the case before us, *Pearson* also involved an employee who may or may not have enjoyed merit status. *See id.* ¶¶ 2–6. The *Pearson* court concluded that "[t]he proper remedy for an employee who, like Pearson, disagrees with the City's designation of him as an at-will employee, is to seek a declaration of his status as a merit employee from the district court." *Id.* ¶ 15.

## CONCLUSION

¶ 10 I would stay this proceeding and defer our ruling pending the filing of a declaratory judgment action in which the district court can make a legal determination of Petition-

---

5. Petitioner is a sophisticated, seasoned attorney who entered into a contract, and then for many years accepted the benefits of the contract's at-will status—chiefly increased pay—and who now claims the contract that afforded her those benefits is illegal. If in fact it is, one must wonder why she failed to warn her client/employer of the contract's infirmity. But such logic only leads to another perplexing circumstance: the contract was proposed by an even more senior attorney employed by the City. So perhaps the City will not now be heard to complain that she should have known better when her boss did not.

6. The Board, we are told, consists of a variety of City employees, none of whom is law-trained. Judges Bench and Davis misread the lead opinion insofar as they claim it "essentially concludes that Petitioner must first turn to the district court

for declaratory judgment regarding her employment status because the Board is not 'well suited' to make a determination involving such 'legal complexity.'" *See infra* ¶ 12. The lead opinion, in noting the happy coincidence that the Board lacks jurisdiction over claims it is not well suited to resolve, does not thereby base its decision on that fact. On the contrary, the lead opinion unambiguously states that "the Board lacks jurisdiction over the claims of non-merit employees." *See infra* ¶ 7. And the clear preference for having a law-trained adjudicator decide the critical legal issues in this context has already been noted by this court in *Pearson v. South Jordan Employee Appeals Board,* 2009 UT App 204, ¶¶ 15–16, 216 P.3d 996, the very opinion on which Judges Bench and Davis so heavily rely, and in which Judge Davis concurred.

er's employment status. I would further require that this court be promptly notified once the determination has been made. If Petitioner is judged to have the rights belonging to a merit employee, I would remand this case to the Board for consideration of the merits of Petitioner's claim. If she is determined to have only the rights of an at-will employee, I would dismiss this proceeding for lack of subject matter jurisdiction. *See id.* ¶ 14 (noting that "where the City determines that the employee's status was at will, the Board has no authority to act at all" and court of appeals would "not have subject matter jurisdiction" to review any decision of the Board when the Board had no jurisdiction to act).[7]

BENCH, Judge (concurring in part and dissenting in part):

¶ 11 We concur in the lead opinion's conclusion that the district court must determine whether Petitioner is an at-will or merit employee, and we dissent from the lead opinion's decision to stay further consideration pending the district court's decision.

¶ 12 We agree that Petitioner must obtain a determination from the district court regarding her employment status before we can entertain any appellate review. We write separately because we find the rationale underlying the lead opinion insufficient. The lead opinion essentially concludes that Petitioner must first turn to the district court for declaratory judgment regarding her employment status because the Board is not "well suited" to make a determination involv-

ing such "legal complexity." *See supra* ¶¶ 7, 8. The question, however, is not one of the Board's suitability but rather a matter of the Board's *authority*.

■ ¶ 13 In making the threshold legal determination regarding Petitioner's status as an at-will employee, the Board exceeded the authority granted to it by statute, municipal ordinance, and municipal policy. *See generally* Utah Code Ann. § 10–3–1106(6)(c) (2007) (providing that this court's "review shall be ... for the purpose of determining if the appeal board abused its discretion *or exceeded its authority* " (emphasis added)). As was recently noted in *Pearson v. South Jordan Employee Appeals Board,* 2009 UT App 204, 216 P.3d 996, "we see nothing in [the Utah Code section pertaining to the discharge, suspension, or involuntary transfer of municipal employees] that confers upon [an employee appeals board] the authority to consider an appeal of the [municipality]'s decision that [the petitioner]'s employment could be terminated at will." *Id.* ¶ 13 (citing Utah Code Ann. § 10–3–1106 (Supp.2008)). The *Pearson* court also noted that "there is nothing in that section that grants [an employee appeals board] any authority to conduct proceedings or to issue decisions on the interpretation or application of [the Utah Code section listing at-will municipal positions]." *Id.* ¶ 14 (citing Utah Code Ann. § 10–3–1105 (2007)).

¶ 14 Furthermore, the Board is governed by a set of policies and procedures instituted by the City, which delineate the scope of the

7. The immediate dismissal of this appeal favored by Judges Bench and Davis, basically requiring Petitioner to start from scratch, goes further than is necessary. It ignores the distinct possibility that Petitioner is a merit employee entitled to a hearing *on the merits* by the Board. If she is, staying this appeal now and later directing the Board to consider the merits of her termination grievance gives her more expeditiously what she would have been entitled to all along. Moreover, we are under some obligation to avoid making Petitioner jump through more hoops than is absolutely necessary, given that we bear some responsibility for the fact that she is before us— again—at this juncture. In *Howick v. Salt Lake City Corp.,* 2008 UT App 216U, 2008 WL 2312593 (mem.) (per curiam), Judge Davis and the other members of the panel suggested that an extraordinary writ would lie if the Board did not

enter a final order holding that it did not have jurisdiction, in lieu of relying on a letter from the City's labor relations officer, lest "judicial review of the decision regarding the Board's jurisdiction" be "circumvent[ed]." *See id.* para. 4 n. 1. By staying this appeal pending clarification of Petitioner's employment status, we would avoid that circumvention, as promised. Not to put too fine a point on it, but it appears that the immediate dismissal called for by Judges Bench and Davis in their separate opinion, even though the Board has now issued the final order called for in this court's previous decision, means we gave the parties a bum steer in *Howick v. Salt Lake City Corp.* The final order accomplished nothing. We dismissed for lack of jurisdiction before; we are doing so again. I think a little flexibility is in order to avoid this hardship.

Board's decision-making authority. Pursuant to section I.B. of the Salt Lake City Employee Appeals Board Procedures, "[t]he Board has authority to investigate, take and receive evidence, and fully hear and determine the matter that relates to the cause for an employee discharge." Salt Lake City Employee Appeals Board Procedures § I.B. When making this determination, the Board is empowered to answer two questions: (1) "Do the facts support the need for discipline ... taken by the department head?" (2) "[If so,] is the action taken proportionate to the discipline imposed?" *See id.* § VII.G.

¶ 15 These policies and procedures also specify what the Board does *not* have authority to do. They state, in relevant part, "[T]he Board has no jurisdiction to review or decide any other personnel matters." *Id.* § I.C. "Additionally, the Board has no authority to determine the City's legal liability under federal or state law." *Id.*

¶ 16 The issues raised by Petitioner's appeal to the Board essentially raise issues regarding the legality and efficacy of the City's conversion of Petitioner's status from merit to at-will employee. The resolution of these issues does not involve an assessment the Board is authorized to make. The issues do not invite an assessment of the cause of Petitioner's discharge, nor do they involve an evaluation of the City's compliance with its own standards for employee discipline. Instead, the issues raised by Petitioner require a determination of "the City's legal liability under federal or state law" governing employer-employee relations. *See id.*

¶ 17 The Board's decision regarding its jurisdiction in this particular case, therefore, went beyond the scope of its authority. The Petitioner must receive a decision regarding her employment status from the entity having authority to make such a determination in the first instance—the district court. If the district court determines that Petitioner was a merit employee, then she may return to the Board for a hearing on the issues that the Board is authorized to consider. If the district court determines that Petitioner was an at-will employee, she may choose to seek redress through an avenue other than the Board. We may properly conduct our appellate review only after the threshold questions are answered.

¶ 18 Finally, we dissent from the lead opinion's decision to stay further consideration of the appeal pending a possible declaratory judgment. We, too, acknowledge that Petitioner has been before a number of decision-making bodies in her attempts to receive redress, including this court. *See Howick v. Salt Lake City Corp.*, 2008 UT App 216U, 2008 WL 2312593 (mem.) (per curiam). However, the decision to stay further consideration of Petitioner's appeal is without legal support and stands in contradiction to recent precedent. While it is unfortunate that the statutes governing the discharge of a municipal employee have not provided a clear, concise mechanism for resolving Petitioner's case, we are compelled to conclude that the only appropriate action is to dismiss Petitioner's appeal "without prejudice to [her] right to file an appeal with this court from a decision rendered by the district court on the same issues." *See Pearson v. South Jordan Employee Appeals Bd.*, 2009 UT App 204, ¶ 17, 216 P.3d 996. Where the Board lacks authority to make a particular determination, we lack subject matter jurisdiction to review that decision. *See id.* ¶¶ 13–14. And it is a fundamental principle that where "we do not have subject matter jurisdiction over [an] appeal ..., we must dismiss." *See id.* ¶ 14 (citing *Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct.App.1989)).

¶ 19 I CONCUR: JAMES Z. DAVIS, Judge.