2007 UT 35

**William G. BEDDOES, Plaintiff and Petitioner,**

v.

**Gary GIFFIN, Defendant and Respondent.**

**No. 20060389.**

Supreme Court of Utah.

April 20, 2007.

17. *See id.*

William P. Morrison, Grant W.P. Morrison, Salt Lake City, for petitioner.

Sean A. Monson, Jared L. Inouye, Salt Lake City, for respondent.

DURRANT, Justice:

## INTRODUCTION

¶ 1 We granted certiorari in this case to decide whether a motion for an award of costs, filed after the entry of judgment, delays the entry of judgment for purposes of appeal until the motion is resolved. We conclude that it does not. Because the substance and character of a judgment is not affected by the resolution of costs disputes, such disputes do not delay the entry of a final judgment for purposes of appeal.

## BACKGROUND

¶ 2 On April 12, 2004, William Beddoes filed a complaint against Gary Giffin alleging malicious prosecution. Giffin thereafter filed a motion for summary judgment. The district court granted summary judgment in Giffin's favor, dismissing Beddoes's complaint, and entered an order and judgment to this effect on September 22, 2005. On September 29, 2005, Giffin filed a request for costs, which the district court denied in an order dated November 28, 2005. On December 22, 2005, more than thirty days after the September 22 judgment was entered, Beddoes filed a notice of appeal.

¶ 3 Beddoes originally filed his appeal with this court. We transferred the case to the Utah Court of Appeals, with whom Giffin filed a motion for summary disposition, asserting that Beddoes's notice of appeal was not timely filed. The court of appeals granted Giffin's motion and issued a memorandum decision holding that "[t]he September 22, 2005 order granting summary judgment and dismissing Beddoes's claims was the final, appealable judgment" and that "[t]he addition of costs to the judgment, if the request had been granted, would not have affected the finality of the ... order for purposes of appeal." [1] The court dismissed Beddoes's appeal for lack of jurisdiction because his "notice of appeal was not filed within thirty days after entry of final judgment." [2]

¶ 4 We granted certiorari to assess the effect of a costs motion on the finality of a judgment. On certiorari, we review for correctness the decision of the court of appeals, granting the court of appeals no deference.[3] We have jurisdiction pursuant to Utah Code section 78–2–2(3) and (5).

## ANALYSIS

¶ 5 Rule 4(a) of the Utah Rules of Appellate Procedure provides that a party must file a notice of appeal "within 30 days after the date of entry of the judgment or order appealed from." [4] And rule 3(a) requires that the judgment or order appealed from be "final." [5] This "final judgment rule" "prevents a party from prematurely appealing a non-final judgment, and thereby pre-

---

1. *Beddoes v. Giffin*, 2006 UT App 130U, para. 4, 2006 WL 829112 (per curiam).

2. *Id.*

3. *State v. Brake*, 2004 UT 95, ¶ 11, 103 P.3d 699.

4. Utah R.App. P. 4(a).

5. *Id.* 3(a).

serves scarce judicial resources."[6] We have addressed this rule in a series of cases, described below, involving modifications to judgments where attorney fees, court costs, or both were involved. We now hold that disputes regarding court costs need not be resolved in order to have a final judgment for purposes of appeal.

¶ 6 In *Adamson v. Brockbank*,[7] we explained how amendments to a judgment or order affect the time allowed for an appeal to be filed:

> [W]here a belated entry merely constitutes an amendment or modification not changing the substance or character of the judgment, such entry is merely a nunc pro tunc entry which relates back to the time the original judgment was entered, and does not enlarge the time for appeal; but where the modification or amendment is in some material matter, the time begins to run from the time of the modification or amendment.[8]

¶ 7 In *Nielson v. Gurley*,[9] the Utah Court of Appeals applied this language to a situation in which the trial court entered a judgment awarding the plaintiff damages and attorney fees and, twenty days later, amended the judgment to reflect that the plaintiff was also entitled to recover costs.[10] The court held that "[t]he effect of the amendment did not create a new judgment for purposes of determining the timeliness of appeal, and the time in which [the defendant] could appeal commenced to run from the date of the original judgment."[11] The court determined that the "amendment was purely clerical in nature" and did not "change the character of the judgment" or "affect any substantive rights running to the litigants."[12]

¶ 8 We followed this reasoning in *ProMax Development Corp. v. Raile*,[13] where we held that "a trial court must determine the amount of attorney fees awardable to a party before the judgment becomes final for the purpose of an appeal under Utah Rule of Appellate Procedure 3."[14] In that case, the trial court, having found in favor of the defendants after a bench trial, amended its judgment twice.[15] The first amendment, entered two months after the original judgment, awarded attorney fees and court costs to the defendants; the second amendment increased the amount of attorney fees awarded, without mentioning costs.[16] Four days after the court entered the second order amending the judgment, the plaintiffs filed a notice of appeal, which the defendants challenged as untimely.[17]

¶ 9 We refused to dismiss the plaintiff's appeal as untimely.[18] Finding that both amendments were "amendments in a 'material matter,'" we recognized that they "were materially different from the amendment made in *Nielson v. Gurley*, where the modification or amendment was to recite that the prevailing party was entitled to court costs."[19] We further explained as follows:

> Where attorney fees are awarded to a party, ... there is no final judgment for the purposes of appeal until the amount of the fees has been ascertained and granted. However, when, as in *Nielson*, no attorney fees are involved but only court costs, which are usually small statutory amounts or liquidated amounts, such costs can be added later to a judgment without affecting its finality.[20]

6. *Loffredo v. Holt*, 2001 UT 97, ¶ 11, 37 P.3d 1070.

7. 112 Utah 52, 185 P.2d 264 (1947).

8. *Id.* at 268.

9. 888 P.2d 130 (Utah Ct.App.1994).

10. *Id.* at 132.

11. *Id.* at 133.

12. *Id.*

13. 2000 UT 4, 998 P.2d 254.

14. *Id.* ¶ 15.

15. *Id.* ¶¶ 8–9.

16. *Id.* ¶ 9.

17. *Id.* ¶¶ 9–10.

18. *Id.* ¶ 11.

19. *Id.*

20. *Id.* ¶ 12.

¶ 10 We decided *Loffredo v. Holt*[21] consistent with *ProMax*. In *Loffredo*, the district court made a number of summary judgment rulings but did not completely dispose of all the claims, including a claim by one party for attorney fees and costs.[22] We stated that "[o]ur holding in *ProMax* governs the outcome of this case"[23] and that the final judgment rule "requires that all claims ... be decided in order for a decision to be appropriately appealed."[24] Because the claim for attorney fees and costs was still pending before the district court, we concluded that the appeal was not taken from a final judgment, and we dismissed the case for lack of jurisdiction.[25]

¶ 11 We stress that *Loffredo* does not stand for the proposition that a judgment is not final until both attorney fees *and* court costs have been resolved. Rather, *Loffredo* acknowledges that *ProMax* is the governing law with respect to the finality of judgments involving disputes over attorney fees and court costs. And as we explained in *ProMax*, disputes as to attorney fees must be resolved in order to have a final judgment for appeal, but disputes as to court costs need not. *Loffredo* did not change this; had we intended to overrule *ProMax* in *Loffredo*, we would have done so explicitly.

¶ 12 The question before us in this case is whether a motion for an award of costs filed after the entry of judgment delays the entry of judgment for purposes of appeal until the motion is resolved. As the cases just described make clear, the answer is no. Only material matters that affect the substance and character of a judgment must be resolved before a judgment is final. Court costs and other matters clerical in nature are not material and do not need to be resolved for a judgment to be final for the purposes of an appeal. In the case at hand, the district court's order of November 28 addressed only court costs. The original judgment of September 22 is therefore the final, appealable judgment. Accordingly, Beddoes's appeal filed on December 22 is untimely under rule 4(a) of the Utah Rules of Appellate Procedure.

## CONCLUSION

¶ 13 We hold that a motion for an award of costs filed after the entry of judgment does not delay the entry of judgment for purposes of appeal until the motion is resolved. Because Beddoes filed his appeal more than thirty days after the entry of the final judgment, his appeal is untimely. We therefore affirm the court of appeals' judgment.

———

¶ 14 Chief Justice Durham, Associate Chief Justice Wilkins, Justice Parrish, and Justice Nehring concur in Justice Durrant's opinion.

---

**21.** 2001 UT 97, 37 P.3d 1070.

