2007 UT App 327

**AURORA CREDIT SERVICES, INC.,**
Plaintiff and Appellant,

v.

**LIBERTY WEST DEVELOPMENT, INC.;**
XM International; and Dennis W. Gay,
Defendants and Appellees.

No. 20060964–CA.

Court of Appeals of Utah.

Oct. 12, 2007.

Eric P. Hartman, Salt Lake City, for Appellant.

James E. Magleby and Christine T. Greenwood, Salt Lake City, for Appellees.

Before Judges BILLINGS, McHUGH, and THORNE.

OPINION

BILLINGS, Judge:

¶ 1 Plaintiff Aurora Credit Services, Inc. appeals the trial court's award of costs to Defendant Liberty West Development, Inc., contending that Defendant's request for costs was untimely under rule 54(d)(2) of the Utah Rules of Civil Procedure. We agree and therefore reverse the ruling of the trial court.

BACKGROUND

¶ 2 This case stems from a complex set of facts that has twice visited the Utah appellate courts. See Aurora Credit Servs., Inc. v. Liberty W. Dev., Inc., 970 P.2d 1273 (Utah 1998); Aurora Credit Servs., Inc. v. Liberty W. Dev., Inc., 2006 UT App 48, 129 P.3d 287, cert. denied, 138 P.3d 589 (Utah 2006). The substantive bulk of the case ended in 2004 and is not at issue here.[1] In July 2004, the trial court issued an order (the 2004 Order)

1. For a detailed account of the facts that gave rise to this case, see the interlocutory appeal decision in *Aurora Credit Services, Inc. v. Liberty West Development, Inc.*, 970 P.2d 1273, 1275–76 (Utah 1998).

imposing sanctions against Plaintiff based upon its "blatant and willful disregard" of the trial court's previous orders. One of these sanctions was a dismissal with prejudice of Plaintiff's then-in-force second amended complaint. Following that dismissal, Plaintiff filed a motion with the trial court requesting that the 2004 Order be altered or amended. In November 2004, the trial court denied Plaintiff's motion and stated, "This is the Court's final order." [2] Plaintiff appealed to this court, and we affirmed the issue of sanctions and accompanying dismissal. *See Aurora*, 2006 UT App 48 at ¶ 1, 129 P.3d 287. Our decision was filed in the trial court on June 2, 2006.

¶ 3 On June 19, 2006, Defendant filed three documents in the trial court: (1) a motion for entry of final judgment, (2) a verified memorandum of costs associated with the trial court, and (3) a verified bill of costs on appeal. Plaintiff challenged portions of these documents. Plaintiff argued then, as now, that rule 54(d) of the Utah Rules of Civil Procedure barred Defendant's request for trial costs because the rule states that costs must be requested within five days of judgment. *See* Utah R. Civ. P. 54(d).

¶ 4 The trial court entered an order entitled "Final Judgment" dated September 20, 2006, and awarded all requested costs to Defendant. Plaintiff appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 5 We first consider the trial court's decision to award costs to Defendant. Because this is a review of the trial court's interpretation of a rule of civil procedure (as opposed to a trial court's determination of, for example, which costs should be awarded and which costs should not), we review for correctness, giving no deference to the trial court's conclusion. *See Lyon v. Burton*, 2000 UT 19, ¶ 76, 5 P.3d 616.

**2.** We disagree with Defendant that this dismissal with prejudice, which was subsequently appealed, was not a final order of judgment.

**3.** We recognize that "judgment," as it is used in rule 54(a), "includes a decree and any order from which an appeal lies." Utah R. Civ. P. 54(a). The term "judgment," however, cannot be equated to "final determination," as used in

¶ 6 We also review the trial court's decision not to impose sanctions on Defendant under rule 11 of the Utah Rules of Civil Procedure. Whether a rule 11 violation has occurred is a question of law that we review for correctness. *See Jeschke v. Willis*, 811 P.2d 202, 204 (Utah Ct.App.1991).

¶ 7 Finally, Plaintiff asks us to impose sanctions against Defendants, their counsel, or both, under rules 33, 34, and 40 of the Utah Rules of Appellate Procedure, *see* Utah R.App. P. 33, 34, 40, for frivolously extending this litigation. Because this issue is only relevant on appeal, the trial court did not address it and so we consider it in the first instance.

## ANALYSIS

### I. Award of Costs

¶ 8 The provision at the forefront of this dispute is found in rule 54(d)(2) of the Utah Rules of Civil Procedure:

> The party who claims his costs *must within five days after the entry of judgment* serve upon the adverse party against whom costs are claimed, a copy of a memorandum of the items of his costs and necessary disbursements in the action, and file with the court a like memorandum thereof duly verified stating that to affiant's knowledge the items are correct, and that the disbursements have been necessarily incurred in the action or proceeding.

Utah R. Civ. P. 54(d)(2) (emphasis added). Plaintiff contends that the 2004 Order issuing sanctions and dismissing the case is the judgment from which the five days should have been counted.[3] Defendant clearly did not file for costs within five days of that order, waiting instead until the appeal was complete-in June 2006-to ask for costs. Defendant argues that this was proper based on the following language of rule 54(d)(1):

rule 54(d)(1), *see id.* R. 54(d)(1), because appealable judgments may occur at various places along the trial timeline, giving rise to interlocutory appeals. Costs are not allowed in conjunction with interlocutory appeals. *See Benjamin v. Amica Mut. Ins. Co.*, 2006 UT 37, ¶¶ 38–39, 140 P.3d 1210.

Except when express provision therefor is made either in a statute of this state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; provided, however-er, *where an appeal* or other proceeding for review *is taken, costs of the action, other than costs in connection with such appeal or other proceeding for review, shall abide the final determination of the cause.*

*Id.* R. 54(d)(1) (emphasis added). Defendant contends that, in this case, the "final determi-nation" came on June 2, 2006, when the Utah Supreme Court denied certiorari to review our opinion, *Aurora v. Liberty*, 138 P.3d 589 (Utah 2006), and the case was remitted to the trial court. Accordingly, Defendant argues it was not required to file for costs until the appeal process was completed.[4]

¶ 9 The language in question, that "costs ... shall abide the final determination," Utah R. Civ. P. 54(d)(1), is unique to Utah.[5] It has been a part of our Rules of Civil Procedure since at least 1953, when the Rules were created to supersede the previously-statutory provisions. *See id.* R. 54(d)(1) (1953).

¶ 10 We agree with Defendant that the term "final determination" as it is used in rule 54(d)(1) is whichever decision ends the case—here, the one issued by the appellate court. However, we conclude that it is the trial court's order awarding costs, or perhaps even the payment of costs, not the party's request for costs, that does the "abiding" of the final determination.

¶ 11 Our supreme court has repeatedly stated that the language of rule 54(d)(2) is unambiguously mandatory: Parties *must* claim their costs within five days. *See e.g., Lyon v. Burton*, 2000 UT 19, ¶ 77, 5 P.3d 616 ("[F]ailure to satisfy the requirement for fil-ing a verified memorandum of costs is fatal to a claim to recover costs under [r]ule 54."); *Walker Bank & Trust Co. v. N.Y. Terminal Warehouse Co.*, 10 Utah 2d 210, 350 P.2d 626, 630–31 (1960) (holding that failure to timely file is fatal to recovery of costs); *Houghton v. Barton*, 49 Utah 611, 165 P. 471, 477 (1917) (noting that because costs are not a common law right, "statutes authorizing them are strictly construed").[6]

¶ 12 These cases share a reasonably simi-lar fact pattern where costs are concerned: the party who prevailed at trial filed for costs more than five days after the trial court's judgment, the losing party appealed both the request for costs *and* the merits, and the Utah Supreme Court determined that the request for costs was untimely and therefore barred, even though the primary issue had not yet been resolved on appeal. *See Lyon*, 2000 UT 19 at ¶¶ 75–78, 5 P.3d 616; *Walker Bank & Trust*, 350 P.2d at 627, 630–31; *Houghton*, 165 P. at 476–77. These cases are consistent with our above interpretation: Parties must request costs within five days of the trial court's final, appealable judgment and cannot wait until the appeal is concluded to claim their costs. Otherwise, following Defendant's reasoning here, costs in these cases would still have been an open question at the time the supreme court ruled.

¶ 13 Defendant argues that it is inefficient for a party who prevails at trial to prepare and submit a bill of costs within five days of the end of the trial phase, not knowing if

---

4. Defendant filed its motion for costs on June 19, 2006. In this case, the trial court received the remittitur on June 2, 2006. Rule 34(d) of the Utah Rules of Appellate Procedure requires that a party claiming costs must file its bill of costs within fifteen days after a remittitur is filed with the trial court. *See* Utah R.App. P. 34(d). How-ever, June 17, which would have been the fifteen-day deadline, was a Saturday. In connection with rule 6(a) of the Utah Rules of Civil Proce-dure, which allows for an extension to the next business day, *see* Utah R. Civ. P. 6(a), Defen-dant's June 19th filing would have been proper if the fifteen days to file for costs were to run from the date of remittitur following appeal, as Defen-dant argued.

5. Neither the parties nor our independent re-search have identified similar provisions from other states.

6. The federal rule and the rules of many states do not have time limits in which a party may re-quest costs; instead, time limits are more typical-ly tied to the clerk's responsibilities to tax the costs. *See, e.g.,* Fed.R.Civ.P. 54(d)(1) ("[C]osts other than attorney['s] fees shall be allowed as of course to the prevailing party unless the court otherwise directs; ... Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days ..., the action of the clerk may be reviewed by the court.").

they will still be the prevailing party after the appeal.[7] However, a prevailing party cannot, within five days of the end of the trial phase, know with absolute certainty whether an appeal will be filed. For this reason, parties who prevail at trial and wish to claim their costs must do so after the trial court has rendered its decision, accepting that it is possible that the case will be reversed and costs will not be awarded.

¶ 14 Defendant also suggests that the purpose of the five-day time limit is merely to notify the opposing party that costs will be sought, and that, therefore, the memorandum of costs should be a non-issue. Defendant points us to a Florida case where the trial court entered a final judgment and awarded costs and fees at that time, but left the specific amount to a later date. *See Chamizo v. Forman*, 933 So.2d 1240, 1241 (Fla.Dist.Ct. App.2006). In that case, the appellate court determined that the untimeliness of the prevailing party's subsequent memorandum was a non-issue, because costs had already been granted. *See id.* The facts of the present case are distinguishable from those in *Chamizo* because the trial court here had not awarded costs at all.

¶ 15 In sum, Defendant's request for costs was not timely and we therefore reverse the trial court's award of costs to Defendant.

## II. Sanctions

¶ 16 We turn to whether the trial court erred in choosing to not impose sanctions on Defendant under rule 11 of the Utah Rules of Civil Procedure. In relevant part, rule 11(b) states that by filing any document with the court, an attorney represents that

> (b) (1) [any motions filed are] not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]
>
> (b) (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument

for the extension, modification, or reversal of existing law or the establishment of new law[.]

Utah R. Civ. P. 11(b). Rule 11(c) authorizes the court to impose sanctions for the violation of these provisions. *See id.* R. 11(c). Because the trial court ruled in Defendant's favor on the costs, it obviously did not impose sanctions.

¶ 17 Although we reverse on the issue of costs, we affirm the trial court's assessment that sanctions were inappropriate. Relying on the trial court's award, Defendant advanced an argument that was inventive but not totally frivolous. Defendant pointed us toward cases in other jurisdictions that supported its position. Defendant's interpretation gave us the opportunity to clarify a rule—a posture clearly allowed by rule 11(b).

¶ 18 Finally, we decline Plaintiff's invitation to issue sanctions against Defendant under rules 33, 34 and 40 of the Utah Rules of Appellate Procedure, as we do not conclude that Defendant's arguments are meritless.

## CONCLUSION

¶ 19 We conclude that rule 54(d)(1)'s provision that costs "abide the final determination of the case," Utah R. Civ. P. 54(d)(1), means that the trial court does not need to award costs until an appeal is issued, but does not excuse parties who want to request costs from complying with rule 54(d)(2)'s five-day time limit. Accordingly, we reverse the trial court's award of trial costs to Defendant. We also refuse to impose sanctions against Defendant.

¶ 20 WE CONCUR: CAROLYN B. McHUGH, and WILLIAM A. THORNE JR., Judges.

---

7. Defendant points us to *Litty v. Becker*, 104 Md.App. 370, 656 A.2d 365 (1995), a Maryland case stating that "it may often be prudent for a party to delay filing such a motion until the appeal has been concluded, to avoid presenting an issue that need no longer be decided." *Id.* at 369. This case is not persuasive because the Maryland rule regarding the award of costs is significantly different than our rule and does not include a time limit. *See id.* at 366 n. 2.