2008 UT App 171

**Jeffry R. GITTINS, Plaintiff and Appellant,**

v.

**SMITHFIELD CITY, Defendant and Appellee.**

**No. 20070289–CA.**

Court of Appeals of Utah.

May 15, 2008.

Christopher L. Daines, Logan, for Appellant.

James C. Jenkins and Bruce L. Jorgensen, Logan, for Appellee.

Before GREENWOOD, P.J., BILLINGS and DAVIS, JJ.

### MEMORANDUM DECISION

GREENWOOD, Presiding Judge:

¶ 1 Jeffry R. Gittins appeals from the trial court's order granting summary judgment by way of a declaratory judgment in favor of Smithfield City (the City). The City responds that Gittins's appeal is untimely, as the trial court had yet to resolve the amount of attorney fees to be awarded to the City at the time Gittins filed his notice of appeal. We dismiss this appeal for lack of jurisdiction because the appeal was not taken from a final, appealable order.

¶ 2 Gittins first argues that, notwithstanding the pendency of the issue of attorney fees in the trial court,[1] the declaratory judgment issued in favor of the City was a final, appealable order such that this court has jurisdiction. We disagree. "The final judgment rule ... precludes a party from taking an appeal from any orders or judgments that are not final," *A.J. Mackay Co. v. Okland Constr. Co.*, 817 P.2d 323, 325 (Utah 1991), that is, orders or judgments that do not "end the controversy between the litigants." *Loffredo v. Holt*, 2001 UT 97, ¶ 12, 37 P.3d 1070. The final judgment rule has been interpreted to mean that " '[w]here attorney fees are awarded to a party, ... there is no final judgment for the purposes of appeal until the amount of the fees has been ascertained and granted.' " *Beddoes v. Giffin*, 2007 UT 35, ¶ 9, 158 P.3d 1102 (omission in original) (quoting *ProMax Dev. Corp. v. Raile*, 2000 UT 4, ¶ 12, 998 P.2d 254). The rule is supported by traditional notions of

---

1. The attorney fee award was a sua sponte sanction for Gittins's delay in filing a court ordered motion for summary judgment.

judicial economy and "serve[s] both litigants and [appellate] court[s] well, by 'enabl[ing] an appellant to appeal all issues, including an award of attorney fees, in a single notice of appeal.'" *ProMax*, 2000 UT 4, ¶ 15, 998 P.2d 254 (fourth alteration in original) (quoting *Meadowbrook, LLC v. Flower*, 959 P.2d 115, 119 (Utah 1998)).

¶ 3 Gittins readily admits that the amount of attorney fees had not been determined when he filed his notice of appeal. Despite this, Gittins argues that since "the Declaratory Judgment [entered in this case] contains no expression pointing back to an unresolved attorney's fee issue," application of *ProMax* is inappropriate and this court should determine finality on a "case-by-case" basis. However, "*ProMax* is the governing law with respect to the finality of judgments involving disputes over attorney fees," *Beddoes*, 2007 UT 35, ¶ 11, 158 P.3d 1102, and we disagree with Gittins's assertion that *ProMax* is so narrow as to apply only to judgments that expressly refer to any earlier attorney fee award. Regardless of the judgment's silence as to attorney fees, we rely on the rule made clear in *ProMax* "that, in the interest of judicial economy, a trial court must determine the amount of attorney fees awardable to a party before the judgment becomes final." 2000 UT 4, ¶ 15, 998 P.2d 254. Because the amount of attorney fees had not been determined when Gittins filed his notice of appeal, his appeal is untimely.

¶ 4 As a further indication that Gittins's appeal should be dismissed, we note that after filing his notice of appeal, Gittins sought relief from the subsequent order setting the amount of attorney fees due to the City. As stated in Gittins's brief, "[t]hat [rule 60(b) ] motion [was] still pending with the district court" when he filed his brief. Clearly, the Declaratory Judgment at issue here did not "end the controversy between the litigants." *Loffredo*, 2001 UT 97, ¶ 12, 37 P.3d 1070. It is certainly possible that an appeal on the issue of attorney fees could follow, thus undermining the policy of judicial economy described in *ProMax*.

¶ 5 Nevertheless, Gittins urges that the amount of attorney fees need not be resolved for finality when the attorney fees are awarded solely as sanctions. For support, Gittins cites to *Barton v. Utah Transit Authority*, 872 P.2d 1036 (Utah 1994), a Utah Supreme Court case decided prior to *ProMax*. In *Barton*, the supreme court reiterated the axiom that sanctions levied against an attorney for wrongdoing during litigation "are a collateral issue and do not address the merits of the party's cause of action." *Id.* at 1040. In a similar vein, Gittins argues that the subsequent determination of the amount of attorney fees owed to the City was not material because they were awarded as sanctions and the amount owed would have been the same even if Gittins had prevailed on the merits of the case.

¶ 6 In *ProMax*, the court noted that only *material* modifications of or amendments to a judgment would affect the finality of an earlier court order. *See* 2000 UT 4, ¶ 11, 998 P.2d 254. The *ProMax* court further defined a material alteration as any change " 'affect[ing] any substantive rights running to the litigants.' " *Id.* (quoting *Nielson v. Gurley*, 888 P.2d 130, 133 (Utah Ct.App.1994)). The supreme court also clarified that "[c]ourt costs and other matters *clerical in nature* are not material and do not need to be resolved for a judgment to be final for the purposes of an appeal." *Beddoes*, 2007 UT 35, ¶ 12, 158 P.3d 1102 (emphasis added). The determination of the amount of attorney fees to be awarded, whether as sanctions or otherwise, requires examination and analysis by a trial court and is thus not essentially clerical. Consequently, the pending award of attorney fees means that Gittins did not appeal from a final order and that we lack jurisdiction over the appeal.

¶ 7 In conclusion, Gittins's appeal is untimely and "[we] retain[ ] only the authority to dismiss [it]." *Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct.App. 1989).

¶ 8 WE CONCUR: JUDITH M. BILLINGS and JAMES Z. DAVIS, Judges.