2009 UT App 385

**DALE K. BARKER CO., PC, Plaintiff,**

v.

**John K. BUSHNELL and Bushnet, PC, Defendants, Third-party Plaintiff, and Appellee,**

v.

**Dale K. Barker, Third-party Defendant and Appellant.**

No. 20081035–CA.

Court of Appeals of Utah.

Dec. 24, 2009.

Rehearing Denied Jan. 27, 2010.

Shawn D. Turner, South Jordan, for Appellant.

David P. Hirschi and Brennan H. Moss, Salt Lake City, for Appellee.

Before Judges ORME, THORNE, and McHUGH.

## OPINION

ORME, Judge:

¶ 1 Third-party defendant Dale K. Barker appeals the district court's denial of his request for attorney fees and costs. We affirm. The underlying basis for the third-party complaint was an alter ego theory grounded in corporate law, not a contract containing an attorney fee provision. Accordingly, the reciprocal attorney fees statute is inapplicable.

## BACKGROUND

¶ 2 Third-party plaintiff John K. Bushnell asserted claims against Barker for breach of contract and negligence based on the theory that Barker was the alter ego of Dale K. Barker Co., PC (Barker Company). The district court dismissed the third-party complaint after determining Bushnell had failed to establish that Barker acted as Barker Company's alter ego. Barker then requested attorney fees by reason of his prevailing party status as to the third-party action, an attorney fee provision in the contract between Bushnell and Barker Company, and the reciprocal attorney fees statute, *see* Utah Code Ann. § 78B–5–826 (2008).[1] The court denied the request for attorney fees and later reaffirmed this determination in denying Barker's rule 59 motion. Barker appeals

---

1. We cite to the current version of the Utah Code, for the reader's convenience, because the 2008 recodification of Title 78 did not make any substantive changes to this section. *Compare* Utah Code Ann. § 78B–5–826 (2008), *with* Utah Code Ann. § 78–27–56.5 (2002).

and argues he is entitled to his attorney fees and costs.[2]

## ATTORNEY FEES

 ¶ 3 "In Utah, attorney fees are awardable only if authorized by statute or by contract." *Dixie State Bank v. Bracken*, 764 P.2d 985, 988 (Utah 1988). "When reviewing attorney fee decisions that involve questions of law, we review for correctness." *J. Pochynok Co., Inc. v. Smedsrud*, 2005 UT 39, ¶ 8, 116 P.3d 353 (citation and internal quotation marks omitted). *See Bilanzich v. Lonetti*, 2007 UT 26, ¶ 10, 160 P.3d 1041 (stating that interpretation of the reciprocal attorney fees statute "is a matter of law that we review for correctness").

 ¶ 4 Barker claims entitlement to attorney fees based on the reciprocal attorney fees statute, which provides, in relevant part, that "[a] court may award costs and attorney fees to either party that prevails in a civil action based upon any ... written contract, ... when the provisions of the ... written contract ... allow at least one party to recover attorney fees," Utah Code Ann. § 78B–5–826. *See Bilanzich*, 2007 UT 26, ¶ 18, 160 P.3d 1041 (stating that the reciprocal attorney fees statute "levels the playing field by allowing both parties to recover fees where only one party may assert such a right under contract"). Barker argues that because "Bushnell would have been entitled to his attorney fees, under the contract, if he were successful[,] then under the statute ... Barker should likewise be entitled to his fees in opposing the claim." We disagree. Barker fails to establish the two statutory requirements that allow for attorney fees under the reciprocal attorney fees statute: "first, the underlying litigation must be based upon a contract; and second, the contract must allow at least one party to recover attorney fees." *Hooban v. Unicity Int'l, Inc.*, 2009 UT App 287, ¶ 9, 220 P.3d 485 (mem.).

¶ 5 Barker's argument fails because, although claiming breach of contract, the actual basis for the third-party action was the equitable doctrine of alter ego that would allow Bushnell to pierce the corporate veil of Barker Company and impose on Barker personal liability for any judgment Bushnell received against the company. *See Prows v. State*, 822 P.2d 764, 767 (Utah 1991) (stating that the alter ego theory, if proven, allows the alter ego to "be liable only to the same extent that the [corporation] is liable"); *Norman v. Murray First Thrift & Loan Co.*, 596 P.2d 1028, 1030 (Utah 1979) (describing the alter ego doctrine as an equitable doctrine). Bushnell did not claim that Barker was directly and personally liable under the contract. *See generally Orlob v. Wasatch Mgmt.*, 2001 UT App 287, ¶¶ 17–19, 33 P.3d 1078 (determining contractual rights based on whether the contract was signed in an individual or representative capacity); *Reedeker v. Salisbury*, 952 P.2d 577, 582 (Utah Ct.App.1998) ("[A] director is not personally liable for his corporation's contractual breaches unless he assumed personal liability, acted in bad faith or committed a tort in connection with the performance of the contract. This is true even where the director, while acting in his official capacity, took actions that resulted in the breach.") (citations and internal quotation marks omitted). Given these facts, any liability imposed would have been based on an alter ego theory instead of pursuant to the contract.

¶ 6 Barker also fails to show that at least one party would have been able to recover attorney fees under the contract's provision as required by the reciprocal attorney fees statute. *See* Utah Code Ann. § 78B–5–826 (requiring that "the provisions of the ... written contract ... allow at least one party to recover attorney fees"). Under Utah law, if a right to attorney fees is based on a contract provision, the court must "apply the contractual attorney fee provision ... strictly in accordance with the contract's terms." *Jones v. Riche*, 2009 UT App 196, ¶ 2, 216 P.3d 357 (mem.). The contract between Barker Company and Bushnell allowed the nondefaulting party to recover attorney fees if the other party defaulted, and thus, Bushnell would have been able to recover his fees

---

**2.** This appeal focuses solely on the third-party action and does not address any issues related to the rest of the case, which issues are the subject of a separate appeal that will be dealt with in an opinion to be issued hereafter.

incurred in the third-party action only if he had shown that Barker personally, as opposed to his company, was a party to the contract and breached the contract. *See Foote v. Clark,* 962 P.2d 52, 54–55 (Utah 1998) (determining a similar contract provision was satisfied by showing the other party defaulted by breaching the contract).

¶ 7 As already indicated, Bushnell did not claim that Barker should be directly liable under the contract, as an individual party to the contract who defaulted, but instead focused on an alter ego theory. That theory, if proven, would only have made Barker personally liable for any judgment obtained against his company. *See Prows,* 822 P.2d at 766–67. It would not have meant that Bushnell proved Barker had personally defaulted and was thus the defaulting party against whom attorney fees could be collected under the contract provision. *See Foote,* 962 P.2d at 54–55. Moreover, Barker failed to show that he was a party to the contract—indeed, in defending the third-party action, he insisted he was not. And the district court did not determine that Bushnell was the defaulting party, i.e., that Bushnell had breached the contract. *See id.* Instead, the court agreed with Barker's argument that he should not be bound by the terms of the contract because Bushnell failed to establish that Barker was the alter ego of Barker Company. Therefore, the reciprocal attorney fees statute does not apply because the action was not based on the contract and there was reciprocal *non*recoverability for attorney fees between these two parties, i.e., neither Bushnell nor Barker could have recovered fees in the third-party action given the facts of this case and the contract's attorney fees provision as written.

### COSTS

¶ 8 Barker also claims that the district court erred by denying him an award of costs under rule 54 of the Utah Rules of Civil Procedure [3] as requested in his rule 59 motion. "A trial court's decision to award the prevailing party its costs will be reviewed under an abuse of discretion standard." *Jensen v. Sawyers,* 2005 UT 81, ¶ 140, 130 P.3d 325 (citation and internal quotation marks omitted). But to the extent the ruling on costs involves interpretation of rule 54 of the Utah Rules of Civil Procedure, "we review for correctness, giving no deference to the trial court's conclusion." *Aurora Credit Servs., Inc. v. Liberty W. Dev., Inc.,* 2007 UT App 327, ¶ 5, 171 P.3d 465. Barker suggests that the court erred when it stated that it had not ruled on costs prior to its order on the rule 59 motion. However, despite any inaccuracies in the district court's statement,[4] the rule 59 motion was the first time the court was asked to determine if rule 54(d) costs would be allowed. The court clearly stated in its rule 59 order that "Barker is able to make a claim for his costs pursuant to Rule 54 of the Utah Rules of Civil Procedure." Instead of thereafter filing a verified memorandum of costs pursuant to rule 54 and pointing out the date on which the judgment had been entered so as to call the court's attention to any alleged error, Barker appealed and argued that he was entitled to his costs under rule 54(d).

¶ 9 Because Barker failed to follow the district court's invitation to submit his claim for costs in accordance with rule 54(d), the time for filing the rule 54(d) request has passed. *See* Utah R. Civ. P. 54(d)(2) (requiring the party claiming costs to file with the court and serve on the opposing party a request for costs "five days after the entry of judgment"). Barker is therefore not entitled to rule 54(d) costs. *See Aurora Credit,* 2007 UT App 327, ¶¶ 11–12, 171 P.3d 465 (evaluat-

---

3. Rule 54 provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Utah R. Civ. P. 54(d)(1). In order to obtain costs, the prevailing party must file with the court, and serve on the other party, a verified memorandum of "costs and necessary disbursements." *Id.* R. 54(d)(2). The "party against whom costs are claimed" has "seven days after service" to dispute the costs as submitted. *Id.*

4. We acknowledge the discrepancy between the June 2008 memorandum decision discussing, with respect to Barker, only his right to attorney fees and the September 2008 judgment that addressed both costs and attorney fees, which judgment was entered prior to the rule 59 order.

ing rule 54(d)(2)'s "unambiguously mandatory" language and determining that "[p]arties must request costs within five days of the trial court's final, appealable judgment and cannot wait until the appeal is concluded to claim their costs").

## CONCLUSION

¶ 10 We affirm the district court's denial of Barker's attorney fees. We also conclude that because the court ruled that Barker was entitled to file a claim for costs under rule 54(d) but Barker chose not to do so, he is foreclosed from doing so now.

¶ 11 WE CONCUR: WILLIAM A. THORNE JR., Judge CAROLYN B. McHUGH, Judge.