2014 UT App 199

# THE UTAH COURT OF APPEALS

DALE K. BARKER CO., PC,
Plaintiff and Appellant,
*v.*
JOHN K. BUSHNELL AND BUSHNET, PC,
Defendants and Appellees.

Memorandum Decision
No. 20130255-CA
Filed August 21, 2014

Third District Court, Salt Lake Department
The Honorable Robert P. Faust
No. 060909585

Shawn D. Turner, Attorney for Appellant

James C. Lewis, Attorney for Appellees

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGE GREGORY K. ORME and SENIOR JUDGE
RUSSELL W. BENCH concurred.[1]

CHRISTIANSEN, Judge:

¶1　　John K. Bushnell hired Dale K. Barker Co., PC (Barker Co.)
to provide tax and accounting services for Bushnell and his
company, Bushnet, PC (collectively, Bushnell). The services
contract between Bushnell and Barker Co. included an attorney-
fees provision stating that in the event of a breach, the "non-
defaulting party shall be entitled to all costs and attorneys' fees

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special
assignment as authorized by law. *See generally* Utah Code Jud.
Admin. R. 11-201(6).

incurred in enforcing this Agreement." When Bushnell allegedly failed to pay Barker Co. as agreed under the contract, Barker Co. sued Bushnell for breach of contract. Bushnell counterclaimed against Barker Co. for breach of contract and negligence. Bushnell also filed a third-party complaint against Dale Barker in his individual capacity, alleging that Barker Co. was Barker's alter ego, and seeking to hold Barker personally liable for any judgment entered against Barker Co.

¶2     Dale Barker moved for a directed verdict on the third-party complaint during the bench trial on April 3, 2008. The district court granted Barker's motion. Barker submitted a request for attorney fees and costs incurred in defending against the third-party complaint, but the district court denied his request. After trial, the district court dismissed Bushnell's negligence counterclaim, found against Barker Co. on its breach-of-contract claim, and entered judgment in favor of Bushnell on its breach-of-contract counterclaim. Bushnell subsequently submitted a request for attorney fees and costs, which the district court granted.

¶3     Dale Barker appealed the district court's denial of his request for fees and costs that he incurred in defending against the third-party complaint. *Dale K. Barker Co. v. Bushnell*, 2009 UT App 385, ¶ 1, 222 P.3d 1188. This court affirmed the district court's denial of Barker's request. *Id.* ¶ 10. Our supreme court later affirmed the denial of Barker's requested attorney fees, but reversed as to costs. *Bushnell v. Barker*, 2012 UT 20, ¶ 1, 274 P.3d 968.

¶4     Barker Co. separately appealed the district court's award of fees and costs to Bushnell. *Dale K. Barker Co. v. Bushnell*, 2010 UT App 189, ¶ 15, 237 P.3d 903. This court reversed the district court's award of fees and costs and remanded with instructions that the district court should "carefully examine the fees requested and reject any fees for claims in which Bushnell was not successful, i.e., his negligence counterclaim and his third-party complaint." *Id.* Additionally, we instructed the court to "make adequate findings

of fact to support its attorney fee award and the reasonableness of that award." *Id*. We gave similar instructions regarding costs, and we authorized a partial award of fees incurred on appeal. *Id.* ¶¶ 18–19. The supreme court declined to review that decision. *Barker v. Bushnell*, 245 P.3d 757 (Utah 2010) (denying petition for writ of certiorari).

¶5     After this court's remand and purportedly consistent with our instructions, the district court entered an amended order for attorney fees and costs in favor of Bushnell in November 2011. The court also concluded that Bushnell was entitled to additional attorney fees and costs incurred as of December 2010. In response, Bushnell filed another request for attorney fees and costs, which the court granted in an order entered May 14, 2012. This May 2012 order was the final order resolving all issues pertaining to attorney fees in this case, as reflected by express language to that effect in the court's order. However, the district court referenced the supreme court's decision regarding Dale Barker's costs stemming from the third-party complaint, *see Bushnell*, 2012 UT 20, ¶ 19, stating in the May 2012 order, "If [Dale Barker] desires a determination on costs . . . please submit[] or resubmit those costs and file a Notice to Submit so the Court may determine the same." Barker subsequently filed a request for his costs, and the district court awarded them on February 6, 2013.

¶6     Barker Co. filed a notice of appeal on March 6, 2013. In its notice of appeal, Barker Co. asserted that the final order entered in this case was the district court's February 2013 order awarding costs to Dale Barker. However, Barker Co.'s notice of appeal indicates that it appealed only from the November 2011 amended order and the May 2012 order, both of which awarded attorney fees and costs to Bushnell. Barker Co. requests that we either vacate or modify the November 2011 and May 2012 orders, arguing that after remand Bushnell improperly categorized the attorney fees in its fees affidavit submitted to the district court and that some of the fees requested by Bushnell were unreasonable. Barker Co. makes a similar argument with regard to the costs awarded to Bushnell.

¶7    Bushnell argues that Barker Co. failed to timely file its appeal pursuant to rule 4 of the Utah Rules of Appellate Procedure and that we therefore lack jurisdiction and must dismiss Barker Co.'s appeal. "Whether this court has jurisdiction to hear an appeal is a question of law." *Pearson v. South Jordan Emp. Appeals Bd.*, 2009 UT App 204, ¶ 8, 216 P.3d 996 (citation and internal quotation marks omitted). Because jurisdiction is a threshold issue, we must address it before considering the merits of Barker Co.'s appeal. *See id.*

¶8    "An appeal may be taken from a district . . . court to the appellate court with jurisdiction over the appeal from all *final* orders and judgments . . . ." Utah R. App. P. 3(a) (emphasis added). A party wishing to appeal from a final order or judgment must file its notice of appeal "within 30 days after the date of entry of the judgment or order." *Id.* R. 4(a). Generally, if a party files its notice of appeal after the thirty-day period has expired, the appeal "is not timely filed" and "this court lacks jurisdiction." *Foster v. Montgomery*, 2003 UT App 405, ¶ 14, 82 P.3d 191 (citation and internal quotation marks omitted). *But see* Utah R. App. P. 4(b) (listing the motions that would extend the date for filing a notice of appeal). "When a matter is outside [a] court's jurisdiction it retains only the authority to dismiss the action." *Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct. App. 1989).

¶9    For an order or judgment to be considered final, it "must end the controversy between the litigants" or, "[i]n other words, . . . the trial court's decision must dispose of the claims of all parties." *Loffredo v. Holt*, 2001 UT 97, ¶ 12, 37 P.3d 1070. In the context of attorney fees, our supreme court has held that "a trial court must determine the amount of attorney fees awardable to a party before the judgment becomes final for the purposes of an appeal under Utah Rule of Appellate Procedure 3." *ProMax Dev. Corp. v. Raile*, 2000 UT 4, ¶ 15, 998 P.2d 254. However, the same is not true for an award of costs: In *Beddoes v. Giffin*, the supreme court explained that although "disputes as to attorney fees must be

resolved in order to have a final judgment for appeal, . . . disputes as to court costs need not." 2007 UT 35, ¶ 11, 158 P.3d 1102. The court continued,

> The question before us in this case is whether a motion for an award of costs filed after the entry of judgment delays the entry of judgment for purposes of appeal until the motion is resolved. . . . [T]he answer is no. Only material matters that affect the substance and character of a judgment must be resolved before a judgment is final. Court costs and other matters clerical in nature are not material and do not need to be resolved for a judgment to be final for the purposes of an appeal.

*Id.* ¶ 12.

¶10    Here, the district court's May 2012 order disposed of the last remaining attorney-fees claim in this case. By this point, all other "material matters" had been resolved, including all substantive claims and attorney-fees issues stemming from the underlying litigation, attorney-fees issues stemming from fees incurred during the several appeals taken in this case, and the recalculation of Bushnell's fees after remand. As of May 14, 2012, the *only* outstanding issue in this case was the calculation of Dale Barker's court costs that he incurred in defending against the third-party complaint. However, "[c]ourt costs . . . are not material and do not need to be resolved for a judgment to be final for the purposes of an appeal." *Id.* Accordingly, the May 2012 order effectively "end[ed] the controversy between the litigants," *see Loffredo,* 2001 UT 97, ¶ 12, and thus the district court correctly identified that order as final. Although the court awarded Dale Barker his costs in February 2013, the final order in this case for purposes of determining our jurisdiction over Barker Co.'s appeal is the May 2012 order. Because Barker Co. did not file its notice of appeal until March 6, 2013—more than thirty days after entry of the May 2012 order—or file any motion that would have extended the time for

appeal, Barker Co.'s appeal is not timely filed. *See Foster*, 2003 UT App 405, ¶ 14. We therefore lack jurisdiction and must dismiss. *See Varian–Eimac, Inc.*, 767 P.2d at 570.

¶11    Appeal dismissed.

———————